18633. BAKER *et al. v.* DECATUR LUMBER & SUPPLY CO.

MOBLEY, Justice. 1. The effect of the grant of a new trial by this court is to require the case to be heard de novo unless specific direction be given in regard thereto. Code § 70-401; *Leventhal* v. *Baumgartner,* 209 *Ga.* 404 (73 S. E. 2d 194).

2. "A supplemental petition, when properly before the court, is a mere addition to, or continuance of, the original petition, the whole constituting an amended petition. 16 Cyc. 359. No supplemental petition need be filed under our practice, as all matters formerly proper for such a petition shall be allowed by way of amendment. . . [Code § 81-107]. A supplemental petition may, therefore, properly be treated as an amendment to the original petition." *Shackelford* v. *Covington,* 130 *Ga.* 858, 863 (61 S. E. 984).

3. The only assignment of error in the present bill of exceptions is upon the judgment sustaining the defendant's general demurrers and dismissing the proposed amendment or supplemental petition. Such judgment was not a final judgment, and the case was left pending in the trial court. Therefore the bill of exceptions is prematurely brought, and the writ of error must be dismissed. Code § 6-701; *Wills* v. *Manning,* 193 *Ga.* 705 (1) (19 S. E. 2d 522); *Bagley* v. *Bagley,* 194 *Ga.* 154 (20 S. E. 2d 760).

4. Where, as here, it is apparent that this court is without jurisdiction, it is the duty of the court on its own motion to raise such question, and to dismiss the writ of error. *Adams* v. *Adams,* 206 *Ga.* 857 (2) (59 S. E. 2d 375).

*Writ of error dismissed. All the Justices concur.*

ARGUED JUNE 16, 1954—DECIDED JULY 13, 1954—
REHEARING DENIED JULY 27, 1954.

*Walter E. Baker, Jr., Carl T. Hudgins*, for plaintiff in error.
*W. E. Zachary, Zachary & Hunter*, contra.

W. E. Baker brought an action against Decatur Lumber & Supply Company, and alleged the following: The petitioner is the owner and in possession of a described tract of land. He acquired title to this property by deed from William M. Earnest on November 3, 1951. There appears of record a deed to secure debt from William M. Earnest to the defendant, dated October 9, 1951, conveying the same land, to secure a note for $1,000 with interest. On April 22, 1952, the petitioner and William M. Earnest tendered to an agent of the defendant $1,000 with interest due, which tender was refused. The petitioner has made a continuing offer of this sum at all times and tenders it into court. The prayer was that the deed to secure debt be canceled as a cloud upon the petitioner's title.

The defendant in its answer alleged that the petitioner purchased the property with notice that the loan deed was outstanding; that the deed stipulated that it was made to secure "a debt of $1,000  . . .  or any other present or future indebtedness or liability of mine to second party"; and that the grantor in the deed, William M. Earnest, was indebted to the defendant on open account in the sum of $10,203.12 at the time the deed was executed, which is secured by the note and loan deed. By amendment the defendant alleged that $4,171.07 had been paid on the account of William M. Earnest, leaving a balance due of $6,032.05.

On the trial the petitioner stated that he knew that the loan deed was outstanding at the time he acquired his title to the property. He related the manner of the tender of the $1,000 with interest to the defendant. William M. Earnest testified that he was indebted to the defendant in an amount of approximately $10,200 at the time the loan deed was executed. It was stipulated between the parties that, at the time of the trial, the indebtedness of William M. Earnest to the defendant was $6,032.05, and that the debt was $10,202.12 when the loan deed was executed.

The jury returned a verdict for the petitioner for the cancellation of the deed to secure debt on the payment of $1,000 plus interest. The defendant's amended motion for new trial having

been denied, it excepted, and the judgment of the trial court was reversed by the Supreme Court. *Decatur Lumber & Supply Co.* v. *Baker,* 210 *Ga.* 184 (78 S. E. 2d 417).

After the remittitur of this court was made the judgment of the trial court, the petitioner and William M. Earnest presented to the trial court a petition against the defendant, which alleged substantially the following: On or about October 9, 1951, petitioner William M. Earnest signed a note for $1,000 and a printed loan deed form in blank as to the description of property, with the defendant named as grantee therein. The defendant presently holds the note and deed, but with a description of the land therein filled in, since signed, by the defendant or at its direction. The loan deed, having been signed in blank with no description, is defective, and petitioner Earnest has not seen the deed since he signed it in blank. It was the intention of both the grantor and the grantee in the deed to secure only the sum of $1,000 principal and interest thereon. But by oversight or mistake, a "catchall clause" was left in the deed. On or about November 3, 1951, petitioner Earnest sold and conveyed the land to petitioner Baker, and informed him that the land had been given as security for a $1,000 note in favor of the defendant. There is pending in the trial court a suit brought by petitioner Baker against the defendant, in which the amount secured by the deed is in issue, and in which a tender has been alleged, and in which there is a prayer that the security deed be canceled. Notwithstanding the above-stated facts, the defendant has recently caused an advertisement of the property to be run, giving notice that on the first Tuesday in January, 1954, the defendant will sell the property under power of sale contained in the security deed. The validity of the security deed is questioned in the other suit now pending, and no prudent person would likely be willing to bid a fair price for the property if brought to sale under such conditions, since said facts would chill or tend to chill the bidding, and the defendant would be in a position to claim an excess over and above the amount that might be bid on the property. In no event is the defendant entitled to security against the land for more than $1,040.02, principal and interest; and said amount was tendered to the defendant on or about April 22, 1952, and was by order of court tendered into the trial

court on May 29, 1952, and is now in the registry of the court. The security deed is in fact and in truth wholly void and of no effect, as a loan deed or security deed, because at the time of the execution of the deed it contained no description of the property which it purports to convey, the description having been placed on the deed at some time subsequent to the execution thereof. Petitioner Baker is still the owner of the land and in possession thereof. The petitioners are without an adequate remedy at law. It is necessary that equity assume jurisdiction in order that all parties at interest may be brought before the court and the rights and liabilities of all parties determined and a multiplicity of actions avoided. The present petition is brought as ancillary to the former action, and petitioners pray that the two cases be consolidated. The petitioners did not discover until on or about April 28, 1953, that the description in the security deed had been handled as above set out. Unless the sale under power is enjoined, petitioner Baker's title and interest in the property will be lost. The defendant has acted in bad faith in the matter and has caused the petitioners unnecessary trouble and expense, has been stubbornly litigious, and is therefore liable to the petitioners in the sum of $1,000 as reasonable attorneys' fees. The petitioners prayed: that process and a rule nisi issue; that the defendant be enjoined from selling or attempting to sell the property under the alleged power of sale; that the security deed be canceled; that, if for any reason the security deed should not be canceled, the same be reformed so as to speak the intention of the parties, and to read to secure $1,000 principal only with interest, and all parts thereof inconsistent with securing $1,000 and interest be stricken and eliminated; and that the petitioners have general equitable relief. Copies of the security deed as it appears of record, and of the warranty deed conveying the property from petitioner Earnest to petitioner Baker, were attached to and made a part of the petition.

The defendant demurred to the present petition on general and special grounds. The trial court sustained the general demurrers and dismissed the proposed amendment or supplemental petition.

To the above judgment the petitioners excepted in a direct bill of exceptions which contained the statement: "Plaintiffs in error herein aver and contend that the legal effect of said last

filed petition was to amend and restate the cause of action upon which they rely, and to ask for additional relief, and alternative relief, and injunction relief in order to preserve the status of the property in question pending final disposition of the cause, and to make a new and necessary party, all as provided by law in such cases."