## 23346.  NAPIER v. NAPIER.

QUILLIAN, Justice.  Nancy Jean Napier filed a suit for divorce on March 31, 1960, in Fulton Superior Court against N. Campbell Napier.  The defendant answered and filed a cross bill.  The case came on for trial and resulted in a verdict for the plaintiff.  Both parties moved for a new trial on the general grounds and the trial judge granted both motions.  No appeal was taken from such judgments.  In April, 1963, the plaintiff filed a motion requesting a jury trial.  On August 31, 1965, the defendant filed what was denominated a motion to dismiss the plaintiff's petition based on the ground that on the prior trial of the case the plaintiff, by her own testimony, showed condonation on her part of any grounds she might have against the defendant.  The trial judge sustained the defendant's motion and dismissed the plaintiff's petition.  The plaintiff appeals from that judgment.  *Held:*

From what appears in the record and the argument of counsel in this court, the trial judge's order was predicated on the fact that the evidence on the former trial showed condonation in that the parties cohabited subsequent to the action being brought.  We need not ascertain whether this be true since in no event would such position be meritorious.  After a new trial has been granted, the case stands in the posture of a de novo proceeding "as though no trial had been had."  *Code* § 70-401; *Anderson v. Clark,* 70 Ga. 362 (2) ; *Baker v. Decatur Lumber &c. Co.,* 210 Ga. 805 (1) (82 SE2d 820).  "Although the testimony of a party to a case may as a matter of law preclude a recovery in his favor, it does so only as respects the trial at which the testimony is given.  . . .  Where a new trial had been granted to the defendant by the appellate court upon the ground that, under the testimony of the plaintiff himself, the plaintiff was as a matter of law not entitled to recover, it was error for the trial court, on the call of the case for a second trial, to dismiss the case, upon motion of the defendant, upon the ground that the testimony of the plaintiff as adduced on the former trial of the case operated to preclude a recovery by the plaintiff."  *Scott v. Powell Paving Co.,* 43 Ga. App. 705 (2, 3) (159 SE 895).  "This is for the reason that not only other testimony but the plaintiff's own testimony on a new trial may

be different from that on a first trial, and while his own previous testimony could be introduced as an admission or impeaching testimony, it would be for the jury to determine its probative value." *Cook v. Attapulgus Clay Co.*, 52 Ga. App. 610 (1) (184 SE 334). See *Holton v. Lankford*, 189 Ga. 506, 526 (6 SE2d 304). Hence, the trial judge erred in dismissing the petition on a motion based upon evidence adduced at the former trial.

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 16, 1966—DECIDED FEBRUARY 23, 1966.

*Westmoreland, Hall & Pentecost, John L. Westmoreland, M. K. Pentecost, Jr., Donald E. O'Brien*, for appellant.

*Nall, Miller, Cadenhead & Dennis, James W. Dorsey, R. Wayne Pressley*, for appellee.