## 32738. WILDE v. WILDE.

BOWLES, Justice.

This is an appeal from an order of the Superior Court of Fulton County dismissing appellant's petition for modification of child support payments.

The parties to this appeal were divorced on August

20, 1974, and by agreement, custody of the two minor children was placed in the appellee. On February 11, 1976, appellee filed a petition for modification of visitation rights. Appellant filed his answer to appellee's petition for modification on February 27, 1976, and in addition, filed his counterclaim for change of custody. The petition for modification of visitation rights and counterclaim for change of custody were settled by consent order dated April 23, 1976, said order making no change in custody.

Appellant, on February 22, 1977, filed a petition seeking modification of child support payments. Appellee answered, and then filed a motion to dismiss said petition pursuant to Code Ann. § 30-220, on grounds that appellant's petition for modification of child support had been filed within two years of a petition for modification of child custody. Appellee's motion to dismiss was granted and appellant now appeals that dismissal. We reverse the dismissal of appellant's petition.

In dismissing appellant's petition for modification of child support, the trial court based its judgment on the provisions of Code Ann. § 30-220, entitled, "Revision of judgment for *permanent* alimony." (Emphasis supplied.) The pertinent language of said Code section is as follows: "[N]o petition may be filed by the wife *under this law* [§§ 30-220, 30-225.1] within a period of two years from the date of filing of a previous petition by the wife *under this law.* No petition may be filed *by the husband under this law* within a period of two years *from the date of the filing of a previous petition by the husband under this law.*" (Emphasis supplied.)

Appellant contends, and we agree, that a proper construction of this language prohibits the filing of a petition for modification of alimony or child support within two years of the filing of a previous petition for modification of alimony or child support by the same party. Code Ann. § 30-220 relates strictly to petitions for modification of alimony or child support, and should not be read so as to prohibit the filing of such a petition within two years of the filing of a petition for change of custody by the same party under Code Ann. § 30-127.

It was, therefore, error for the court to dismiss

appellant's petition for modification of child support since there is no prohibition under Georgia law against a party bringing a petition for modification of child support within any time period following the filing of a petition for modification of custody brought by the same party.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 21, 1977 — DECIDED SEPTEMBER 27, 1977.

*Beck, Goddard, Owen & Murray, Richard L. Collier,* for appellant.

*Archer, Sparrow, Barnes, Barron & Wallhausen, E. Wayne Wallhausen,* for appellee.