38093. GRIFFIN v. GRIFFIN.

MARSHALL, Justice.

These parties were divorced in 1979. On September 11, 1980, the appellee-former husband filed a petition for modification of child support, which the appellant-former wife answered that same month. On October 28, 1980, the former husband filed a second petition for modification of child support. Two days after filing the second petition, he filed a dismissal of the first petition. The former wife then answered and moved to have his second petition dismissed under the two-year rule of Code Ann. § 30-220 (a) ("No petition may be filed by either former spouse under this law . . . within a period of two years

from the date of the filing of a previous petition by the same former spouse.") After a hearing on the former wife's motion, the trial court denied it, certifying the appeal for immediate review. We granted her application to appeal, and affirm.

The appellant contends that the second petition was a nullity ab initio because it was filed within two years of the first petition and while that petition was pending. She cites cases containing language to the effect that it is the *filing* date which controls, rather than the date any *order* is issued. *Wilde v. Wilde,* 239 Ga. 750 (239 SE2d 3) (1977); *Gerron v. Gerron,* 235 Ga. 851 (221 SE2d 600) (1976).

"Code § 3-601 does prohibit a plaintiff from prosecuting two actions in the court for the same cause and against the same party, and, if the actions are commenced at different times, the pendency of the former shall be a good defense to the latter." *Harrison v. Speidel,* 244 Ga. 643 (261 SE2d 577) (1979). However, at the time the appellant asserted her defense to the second petition, the appellee had already voluntarily dismissed the former pending petition without prejudice, pursuant to Code Ann. § 81A-141 (a) (Ga. L. 1966, pp. 609, 653).

While it is true that Code Ann. § 30-220 (a) and the cases applying it hold that the filing date, rather than the date of any order, controls, we do not construe this to mean that the mere filing of a modification petition, which is subsequently dismissed without prejudice prior to the entry of any order thereon, would per se bar the filing of a subsequent petition within the two-year period. Rather, the filing date is merely used to compute the time interval between viable petitions upon which final orders have been entered. A contrary construction would result in the present appellee's being deprived of his day in court upon either petition merely because of his perhaps inadvertent filing of the second petition. (The two petitions were filed by different counsel.)

Our holding is not intended to condone the practice here employed. Had it been desired to amend the pending petition, this would have been permitted under our liberal rules of pleading amendment. Code Ann. § 81A-115 (a) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694). We deem at least one purpose of the two-year limitation of § 30-220 (a) to be the protection of the parties from excessive litigation over the same issues within the two-year period. Therefore, we affirm the denial of the appellant's motion to dismiss the second petition, but direct the trial judge to consider the issue of the allowance of attorney fees to the appellant-former wife for defending against the now-dismissed former petition. Code Ann. § 30-202.1 (Ga. L. 1967, p. 591; 1976, pp. 1017, 1018; 1977, p. 312; 1979, pp. 466, 473).

*Judgment affirmed with direction. All the Justices concur.*

DECIDED JANUARY 6, 1982.

*Greene & Davis, H. Darrell Greene,* for appellant.
*Huff & Moore, Richard L. Moore,* for appellee.