### 40664. MOODY v. MOODY.

WELTNER, Justice.

The former husband filed a petition under the provision of OCGA § 19-6-18 (Code Ann. § 30-220 et seq.) seeking downward modification of future child support payments. The former wife sought dismissal on the ground that the petition was filed within two years from the date of filing of a "previous petition by the husband under this Code section." OCGA § 19-6-18 (a) (Code Ann. § 30-220 et seq.). The husband responded that he had not filed a petition for downward modification within two years of the filing of the present petition, but that the former wife had filed contempt proceedings, in which a consent order was entered reducing future periodic child support payments, and providing a formula under which he might pay arrearage. He contended that this order was invalid to the extent that it purported to modify future child support payments.

The trial court dismissed as premature the former husband's petition.

"It has been repeatedly held that the trial judge has no authority in a contempt proceeding to modify the terms of a divorce and alimony judgment." *Herrington v. Herrington,* 231 Ga. 177 (200 SE2d

867) (1973). The critical fact in the present case, however, is that the agreement for reduction of future periodic child support payments was negotiated between the parties and entered by the court with their express consent. See *Meredith v. Meredith,* 238 Ga. 595, 596 (234 SE2d 510) (1977). In *these* circumstances, we should not adhere to the usual rule that the only way in which a judgment for periodic alimony may be modified is by petition filed pursuant to OCGA § 19-6-18 (Code Ann. § 30-220 et seq.). Considerations of judicial economy dictate that parties to a contempt proceeding be allowed to present the court with a proposed consent judgment settling the matter of future child support payments, rather than requiring the contempt proceeding to be dismissed and a modification proceeding filed, and that the same agreement be made the subject of consent judgment in the new proceeding.

The concept of finality of judgments demands that the consent judgment in the contempt proceedings be accorded equal dignity with a judgment in a modification proceeding. We therefore conclude that neither party to the consent judgment may file another action seeking modification within two years of the filing of what began as a contempt action. OCGA § 19-6-18 (a) (Code Ann. § 30-220 et seq.). Accordingly, the trial court correctly dismissed the petition.

*Judgment affirmed. All the Justices concur, except Gregory, J., who dissents.*

DECIDED FEBRUARY 21, 1984.

*Kingloff & Travis, William K. Travis,* for appellant.
*G. Clyde Dekle III,* for appellee.

GREGORY, Justice, dissenting.

While I think it is proper that the parties be bound by a judgment which was entered by their express consent, this does not lead me to conclude that OCGA § 19-6-18 (a) (Code Ann. § 30-220 et seq.) precludes the bringing of this petition for modification. The statute requires that no petition may be filed by the husband within a period of two years from the date of the filing of a previous petition by the husband "under this Code section." There simply was no previous petition under this Code section. There was a contempt proceeding and a settlement. Therefore, I would not apply the statute to restrict this appellant's access to the courts.