## 72958. TAYLOR v. TAYLOR.
(356 SE2d 236)

BENHAM, Judge.

The parties to this case were divorced in 1981 and custody of their two children was awarded to Mrs. Taylor. In 1985, Mr. Taylor filed an action for a change of custody. The superior court transferred the case to the juvenile court for investigation and determination of all issues, and the juvenile court entered an order changing custody to Mr. Taylor. Although he had prayed for an award of child support in his petition, the juvenile court's order was silent on that issue. No appeal was taken from that order. Early in 1986, Mr. Taylor filed a petition seeking an award of child support from Mrs. Taylor. He now appeals from the dismissal of that petition.

The trial court based its decision on OCGA § 19-6-18 (a), which imposes a two-year limitation on the filing of petitions for modification of child support; that is, a party who has sought a modification of child support must wait two years from the date of the order disposing of the petition in which the modification was sought before seeking another modification. We note that OCGA § 19-6-18 (a) applies to judgments entered prior to July 1, 1977, and is, therefore, inapplicable here since the divorce decree was entered in 1981. However, OCGA § 19-6-19 (a), which applies to judgments entered after July 1,

1977, and is applicable to the present case, contains the same limitation.

Appellant's chief argument and the thrust of the dissent is that there has been no prior petition to which the two-year limitation could apply because the order of the juvenile court did not address his prayer for child support. As the trial court pointed out, however, the issue was presented to the juvenile court in the form of a petition seeking a modification of both custody and support. We have found no decisions on point, but we are of the opinion that it was incumbent on appellant, if he desired a ruling on his demand for child support, to invoke such a ruling. Having failed to do so, he has waived the right to complain, for two years, of a need for child support. This holding is consistent with the Supreme Court's view of the purpose of § 19-6-19 (a) as expressed in *Griffin v. Griffin*, 248 Ga. 743, 744 (285 SE2d 710) (1982): "We deem at least one purpose of the two-year limitation of [the section] to be the protection of the parties from excessive litigation over the same issues within the two-year period." That purpose would be subverted if serial litigation were encouraged by adopting appellant's and the dissent's view that the absence of an express denial or grant of child support in the previous order gives him the right to immediately file another action seeking the same relief that was part of the relief sought in the previous action.

Reliance on *Wilde v. Wilde*, 239 Ga. 750 (239 SE2d 3) (1977), by appellant and the dissent is misplaced. The Supreme Court held in that case that a petition for modification of *custody* would not bar a subsequent petition for modification of *child support* filed within two years. The essential distinction between that case and this one is that, unlike the first petition in that case, the first petition here was not simply a petition for a change of custody; it expressly sought an award of child support. Therefore, contrary to the dissent's assertion in the course of citing *Griffin*, supra, appellant has had his day in court. That he did not make effective use of it is not a basis for reversal: this court is for the correction of errors of law committed by lower courts, not by litigants.

In this context, it should be noted that there is no support in the record for the dissent's speculation that the lack of an award of child support was a matter of "keeping within the family the division of financial responsibility." Nor is there any application to this case of the principles with which *Collins v. Collins*, 172 Ga. App. 748 (324 SE2d 475) (1984), and *Dept. of Human Resources v. Brinson*, 171 Ga. App. 905 (321 SE2d 763) (1984), are concerned. This is not a case, as those were, in which the government was obliged to step in and support a child because the non-custodial parent did not. There is no allegation here that appellant's children are not being adequately supported, and the dissent's statement that it is the children's rights

which are being litigated is incorrect: the issue being litigated here is whether appellant can *repeatedly* require appellee to defend against a claim for contribution to that support. Appellant made one claim for child support and, for reasons to which this court is not privy, did not succeed. This, then, is exactly the situation contemplated in *Griffin*, supra, in which the statute performs the function of "protection of the parties from excessive litigation over the same issues within the two-year period." Id. at 744.

We hold, therefore, that the trial court was correct in ruling that appellant's action for modification of child support will not lie until two years have passed since the entry of an order on the first petition in which he sought an award of child support.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., and Sognier, J., concur. Banke, P. J., Carley, Pope, and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent because the plain language of OCGA § 19-6-19 (a) limits its two-year repose requirement to cases in which there has been an adjudication of permanent alimony or child support. The legislature, taking into account that the passage of time increasingly diminishes the currency of the adjudication, recognized that financial circumstances and needs change in domestic situations. Thus it expressly provided a procedural mechanism for revision of the court-decreed alimony or child support. OCGA § 19-12-40 does not apply to these issues of continuing obligations insofar as future duties are concerned, but the two-year waiting period in OCGA § 19-6-19 (a) gives res judicata effect to the adjudication with respect to the obligations accruing in the interim.

When a petition for revision is brought, the focus of the inquiry is whether there has been "a change in the income and financial status of either former spouse or in the needs of the child or children" such as would warrant a modification and revision of the original adjudication. This is different from the thrust in the initial adjudication of the issue of child support, which is not concerned with changing for the future what has already been judicially ordered previously, but rather with judicially establishing the financial obligations of the non-custodial parent for the first time.

The latter has never been done with regard to the Taylors and their children. The original decree of divorce in 1981 awarded permanent custody of the two boys, now ages 18 and 11, to the mother with no mention of child support. In 1985 there was a change of custody effected by juvenile court order which stated that the issue before it was change of custody. Although the father who sought the change initially also requested a child support adjudication, he either tacitly

withdrew or abandoned the effort for court intervention into this matter, thus keeping within the family the division of financial responsibility. In any event, there was no adjudication. That did not mean that the non-custodial parent no longer had a duty to support. See *Collins v. Collins*, 172 Ga. App. 748 (324 SE2d 475) (1984).

Thereafter the father found it advisable to obtain the court's determination of the application of OCGA § 19-7-2 and instituted the present action. I do not find the two-year prohibition in OCGA § 19-6-19 (a) a bar to the father's complaint. Where he, like the parent in *Wilde v. Wilde*, 239 Ga. 750 (239 SE2d 3) (1977), did not obtain a judicial determination as to the non-custodial parent's financial obligations for the child, he is not foreclosed for two years from doing so. As said in *Wilde*, supra at 751: "Code Ann. § 30-220 (now substantially OCGA § 19-6-19) relates strictly to petitions for modification of alimony or child support . . . by the same party." He is as much entitled to his day in court as was the petitioner in *Griffin v. Griffin*, 248 Ga. 743 (285 SE2d 710) (1982), where like here, there was no final order on the matter of support next preceding a two-year period.

There has been no court determination of support requirements, and the children, if not the father, are entitled to one. It is their rights which are being litigated, as recognized in *Dept. of Human Resources v. Brinson*, 171 Ga. App. 905, 906 (321 SE2d 763) (1984): "A custodial parent cannot waive a child's right to support from the non-custodial parent. *Crumb v. Gordon*, 157 Ga. App. 839 (278 SE2d 725) (1981)."

I am authorized to state that Presiding Judge Banke, Judge Carley, and Judge Pope join in this dissent.

DECIDED MARCH 19, 1987 —
REHEARING DENIED APRIL 1, 1987 —

*Charles A. Mullinax*, for appellant.
*J. Douglas Sexton*, for appellee.