## S93A1306. WOOD v. WOOD.
### (436 SE2d 478)

CLARKE, Chief Justice.

This discretionary appeal presents the question of whether OCGA § 19-6-19 (the "two-year rule") bars the husband's petition for modification when the petition was filed within two years of the consent judgment and decree of divorce entered after the former husband's motion for new trial. The two-year rule applies only to the period between one modification proceeding and a subsequent modification petition. The rule does not bar the first modification petition filed within two years of the original judgment and decree of divorce.[1] We therefore hold that the petition in this case is not barred.

On November 7, 1990, a jury returned a verdict in the divorce case of Dianne Wood v. George Wood. The trial court entered a final judgment and decree of divorce on January 31, 1991. George Wood then filed a motion for a new trial, and Dianne Wood filed a motion for contempt for back payment of child support. After negotiating a settlement agreement, the parties consented to the motion for new trial. The trial court granted the motion and incorporated the agreement into the final judgment on March 27, 1991. Both parties agreed to waive all rights to the jury verdict and that the settlement would supersede all previous agreements and rulings.

The former husband filed a petition for modification on August 17, 1992, alleging a substantial decrease in his own income and assets and a substantial increase in Dianne Wood's income and assets. Alleging that the final judgment decree of March 27 should be considered a modification, the former wife filed a motion to dismiss or in the alternative a motion for summary judgment.

Granting summary judgment for the wife on the husband's peti-

---

[1] OCGA § 19-6-19 reads in pertinent part: "No petition may be filed by either former spouse under this subsection within a period of two years from the date of the final order on a previous petition by the same former spouse."

tion for modification of child support, the trial court held that the husband's petition was barred since two years have not expired since the final judgment and decree of divorce. In doing so, the court viewed the consent judgment as a modification. From the order of the court denying his motion for modification, the husband appeals.

Appellant argues that the motion for new trial granted by the trial court abrogated the judgment and decree entered on January 31, 1991. The judgment entered in 1992 could not be a modification since there was nothing to modify. Appellee relies on *Moody v. Moody*, 252 Ga. 210 (312 SE2d 330) (1984). In that case, this court held that a consent judgment on a contempt proceeding is to be treated as a judgment in a modification hearing. There, the former husband filed a petition for downward modification of child support payments. The former wife filed a motion to dismiss citing the two-year rule of OCGA § 19-6-19. Less than two years earlier, the wife had filed a contempt proceeding against the husband for failure to make payments. The proceeding ended with a consent order that reduced future child support payments.

Earlier decisions prohibited the trial judge from modifying a divorce decree in a contempt proceeding. The *Moody* court allowed such a modification where negotiated by the parties:

> Considerations of judicial economy dictate that parties to a contempt proceeding be allowed to present the court with a proposed consent judgment settling the matter of future child support payments, rather than requiring the contempt proceeding to be dismissed and a modification proceeding filed, and that the same agreement be made the subject of consent judgment in the new proceeding.

*Moody*, 252 Ga. at 211. The court treated the consent judgment as a dismissal of the contempt action followed by a petition for modification to allow the trial judge to enter an order altering the divorce decree.

This case presents a different scenario. Unlike this case, *Moody* was not a case in which a motion for a new trial had been granted. A trial court has the power to grant a new trial after a divorce case, thus changing the terms of the original divorce decree. The court need not engage in the legal fiction that a settlement of the contempt proceedings amounted to a modification order. This Court will not treat the consent judgment following a motion for new trial as a modification since the trial judge had the power to vacate the original jury verdict.

After a new trial has been granted, the case stands in the posture of a de novo proceeding as though no trial had taken place. *Napier v. Napier*, 221 Ga. 813 (147 SE2d 422) (1966); *Anderson v. Clark*, 70 Ga.

362 (2) (1883); *Baker v. Decatur Lumber &c. Co.*, 210 Ga. 805 (1) (82 SE2d 820) (1954). We do not interpret OCGA § 19-6-19 to preclude a petition for modification after a motion for a new trial. The judgment that it seeks to modify is not a "final order on a previous petition." See *Thorp v. Thorp*, supra.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 22, 1993.

*John H. Ridley, Jr.,* for appellant.

*C. Michael Conroy, Daphne T. Moore, Cynthia J. Trent,* for appellee.