## S98A1672. WILSON v. WILSON.
(512 SE2d 255)

SEARS, Justice.

We granted a discretionary appeal in this case to consider whether the trial court erred in holding that a second action for modification of alimony filed by the appellee, Dr. Joe Wilson, was not subject to the two-year bar of OCGA § 19-6-19 (a). Because the first modification action, which Dr. Wilson voluntarily dismissed, resulted in significant litigation and in the entry of a temporary, but binding, order lowering his alimony obligation, we conclude that the second modification petition is barred by § 19-6-19 (a). Accordingly, we reverse the trial court's judgment.

Dr. Wilson and the appellant, Donna Wilson, divorced in April 1990 pursuant to a decree that incorporated their settlement agreement. Under the agreement, Dr. Wilson was required to pay Ms. Wilson $7,500 as alimony every April, as well as an additional $2,500 per month. In 1995, Dr. Wilson brought an action to modify his alimony obligation. In February 1996, the trial court entered a temporary order reducing Dr. Wilson's annual payment from $7,500 per year to $6,000 per year. Dr. Wilson failed to pay the reduced amount, as well as other obligations, and Ms. Wilson brought a contempt action against him. On May 23, 1997, the trial court held Dr. Wilson in contempt. On May 29, 1997, Dr. Wilson voluntarily dismissed his modification action.

On January 28, 1998, approximately eight months after he voluntarily dismissed the original petition, Dr. Wilson filed another petition seeking a downward modification of alimony. Ms. Wilson asserted, as a defense, that the second petition was barred by OCGA § 19-6-19 (a), which provides that no modification petition may be filed by either former spouse within a two-year period "from the date of the final order on a previous petition by the same former spouse." The trial court concluded that no final order had been entered in Dr. Wilson's first modification action. The trial court therefore held that the second petition was not barred, and made a temporary downward modification of alimony to be paid by Dr. Wilson. We then granted Ms. Wilson's application for discretionary appeal to review the trial court's ruling that Dr. Wilson's second modification action was not barred. We now reverse.

The question presented by this appeal is whether, when a party has obtained a temporary modification of alimony, and then voluntarily dismisses the modification action, the voluntary dismissal should be considered a "final order" within the meaning of OCGA § 19-6-19 (a), and therefore should bar that party from filing another modification action within two years of the voluntary dismissal. We conclude that, under these circumstances, the voluntary dismissal should be

considered a "final order."

In *Griffin v. Griffin*,[1] we considered a case similar to but distinguishable from the instant one. In that case, the husband filed a petition for modification of child support and then six weeks later filed a second one. Two days after filing the second petition, the husband voluntarily dismissed the first one. No orders were entered on the first petition, and the only litigation was the filing of an answer by the wife. We held that "the mere filing of a modification petition, which is subsequently dismissed without prejudice prior to the entry of any order thereon," would not "per se bar the filing of a subsequent petition within the two-year period." We also noted that one of the purposes of the two-year limitation of § 19-6-19 (a) is to protect "the parties from excessive litigation over the same issues within the two-year period,"[2] and bearing this consideration in mind, we concluded that the trial court did not err in ruling that the husband's second petition should not be barred under then Code Ann. § 30-220 (a), now OCGA § 19-6-19 (a).[3]

If the present case involved merely the voluntary dismissal of the first modification petition, *Griffin* would be controlling. Here, however, Dr. Wilson's first modification petition resulted in litigation that led to the entry of a temporary order that has had the effect of irreversibly lowering the two annual alimony payments (April 1996 and April 1997) that came due under that temporary order. For the following reasons, we conclude that these factors require that the voluntary dismissal be considered a "final order" within the meaning of § 19-6-19 (a).

First, as previously noted in this opinion, one of the purposes of § 19-6-19 (a) is to prevent excessive litigation over modification issues within a two-year period. Here, Dr. Wilson's first modification petition was pending for well over a year, resulted in significant litigation and the entry of a temporary order, and was dismissed only when the case was placed on a jury trial calendar. The goal of preventing excessive litigation with the two-year limitation period of § 19-6-19 (a) is furthered by concluding that the present petition is barred. Moreover, the April 1996 and April 1997 annual installments of temporary alimony that accrued under the modification order were, "in essence, . . . final judgment[s] for a fixed sum."[4] Furthermore, as for Dr. Wilson's voluntary dismissal, it is considered an

---

[1] 248 Ga. 743, 744 (285 SE2d 710) (1982).

[2] *Griffin*, 248 Ga. 744.

[3] Id. at 744.

[4] *Hendrix v. Stone*, 261 Ga. 874, 875 (412 SE2d 536) (1992). Accord *Stephens v. Stephens*, 171 Ga. 590 (1) (156 SE 188) (1930).

order of the court that terminated the underlying action,[5] and it did not affect the binding nature of the two annual alimony payments that accrued under the temporary order before the dismissal.[6]

Because Dr. Wilson's first modification petition resulted in significant litigation and in the entry of an order that forever lowered the two annual payments of Dr. Wilson that accrued under the order, and because Dr. Wilson's voluntary dismissal is an order that brought that litigation to a close, we conclude that the voluntary dismissal should be considered a "final order" within the meaning of § 19-6-19 (a). This holding is consistent with our holding in *Moody v. Moody*,[7] in which we concluded that a consent judgment modifying child support that was entered in a contempt proceeding should bar the filing of a modification action for two years. Moreover, although this holding modifies the right that Dr. Wilson otherwise would have had under OCGA § 9-11-41 to refile the modification petition after a voluntary dismissal, the provisions of § 19-6-19 (a) are the more specific provisions regarding the subject of modification actions and control.[8]

For the foregoing reasons, we conclude that the trial court erred in concluding that Dr. Wilson's second modification petition is not barred by § 19-6-19 (a).

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 8, 1999.

*Pye, Tucker, Everitt, Long & Brewton, John B. Long, Jon E. Ingram, Jr.,* for appellant.

*Allgood, Childs, Mehrhof & Williams, Thomas F. Allgood, Jr.,* for appellee.

---

[5] *Page v. Holiday Inns*, 245 Ga. 12 (262 SE2d 783) (1980).

[6] *Williams v. Williams*, 194 Ga. 332 (3) (21 SE2d 229) (1942).

[7] 252 Ga. 210 (312 SE2d 330) (1984).

[8] *Ga. Mental Health Institute v. Brady*, 263 Ga. 591, 592 (2) (436 SE2d 219) (1993). See also OCGA §§ 9-11-81; 19-5-8.