## A01A0240. PETRY v. ROMO.
(547 SE2d 736)

Miller, Judge.

The parties were divorced through a decree entered in October 1995, and permanent custody of a minor child was placed with the mother under a custody agreement. On February 14, 2000, plaintiff-appellant Steven C. Petry filed this petition for a change in child custody against his former spouse, appellee-defendant Kelly Jo Romo. Romo's answer averred that "the same facts and circumstances [previously] were litigated" in a 1997 action which was adjudicated in August 1998. In the absence of any motion of record, the trial court dismissed this custody action based on the two-year interim of OCGA § 19-6-19 (a), finding that the August 1998 order "shows on its face that the court ruled on a petition for modification of Custody/Visitation privileges and child support."[1] This Court granted Petry's application for discretionary review, and a timely notice of appeal was filed.

1. OCGA § 19-6-19 (a) provides that awards of spousal *support* and child *support* may be revised based on a showing of (i) a change in the income and financial status of either former spouse or (ii) a change in the needs of the child. That Code section further provides: "No petition may be filed by either former spouse under this subsection within a period of two years from the date of the final order on a previous petition by the same former spouse." In *Taylor v. Taylor,*[2] a majority of this Court affirmed the dismissal of a petition to modify child *support* brought less than two years from the date of a juvenile court order changing custody but not ruling on the prayer for an award of child support.

---

[1] The August 1998 order modifies the divorce decree by lowering Petry's child support obligation and specifying certain visitation procedures. The parties were also expressly ordered not to disparage each other in the presence of the child.

[2] 182 Ga. App. 412 (356 SE2d 236) (1987) (whole court).

On the other hand, petitions to modify child *custody*, as the instant petition is captioned, are governed by OCGA § 19-9-1 and may be brought without the necessity of showing a material change in any conditions and circumstances of either party or the minor, "provided that the review and modification or alteration shall not be had more often than once in each two-year period following the date of entry of the judgment."[3] The court is nevertheless authorized to modify child *custody* in *any* new proceeding upon a showing of a change in material conditions or circumstances.[4]

OCGA § 19-9-5 expressly provides that the term "custody" does not include payment of child support.[5] It follows that a prayer for a change in child custody does not of its own force pray for a simultaneous and commensurate modification of child support. The petition here does not pray for any modification of child support. Consequently, the trial court erred in dismissing the instant petition under the inapplicable provisions of OCGA § 19-6-19 (a).

2. The verified petition does allege that "[s]ince the date of the [1995] final decree, there has been a change in circumstances materially affecting the welfare of the minor child" and that the mother is an unfit custodian. The specific allegations are that the mother has been unable to hold a steady job, has moved residences nine times since the child's birth in December 1994, continues to disparage the father to the child, continually refuses visitation to the father, has members of the opposite sex stay overnight, attempts to alienate the child's affections from the father, and is unable to provide a proper education "in that the child has been absent from school for eighteen days as of January of 2000 for this school year."

In our view, there are sufficient allegations of events materially affecting the child's welfare, with some apparently occurring since the August 1998 modification decree, to authorize the instant change of custody petition based on changed circumstances. Such a petition is not subject to the two-year limitation otherwise imposed by OCGA § 19-9-1. Consequently, the trial court erred in dismissing this petition.

*Judgment reversed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED APRIL 11, 2001.

*Sherri E. Kelley*, for appellant.

---

[3] OCGA § 19-9-1 (b).
[4] Id.
[5] *Hunt v. Carter*, 261 Ga. 259, 260 (2) (404 SE2d 121) (1991).

*Winn, Price & Winn, Barry R. Price, Christopher J. McFadden,* for appellee.