## S11A0064, S11A0688. AVREN v. GARTEN (two cases).

(710 SE2d 130)

BENHAM, Justice.

Appellant Jody Avren (Mother) and appellee Jay Garten (Father) were divorced in 2003. These appeals are from their most recent post-divorce litigation. In April 2010, the trial court found Mother in contempt of previous court orders, dismissed Mother's petition for contempt against Father, dismissed Mother's petition for modification of child support and visitation, denied and dismissed Mother's petition for modification of child custody, ordered Mother to pay the outstanding balance due the guardian ad litem appointed to represent the parties' minor son, and reserved the issue of Father's request for an award of attorney fees. See Case No. S11A0064. After granting Father's request for attorney fees in May 2010, the trial court denied Mother's motion to set aside the award of attorney fees in October 2010. See Case No. S11A0688.[1]

1. In Case No. S11A0064, Mother contends the trial court abused its discretion when it found her in contempt for taking the parties' 11-year-old child to counseling. We will uphold the trial court's finding of contempt if there is evidence to support the trial court's determination that Mother wilfully disobeyed a prior court order. *Pate v. Pate*, 280 Ga. 796 (3) (631 SE2d 103) (2006).

In the parties' consent final modification order entered in 2006, Father, a physician, was given final decision-making authority for the minor child with respect to health and medical issues. The trial court found Mother in contempt for disregarding Father's decision concerning the therapist to whom Mother took the child.[2] Mother acknowledged at the contempt hearing that she had taken the child to a therapist that Father disapproved and had sent the therapist's bills to Father for payment. Since there is evidence to support the trial court's determination that Mother wilfully disobeyed a prior court order, we do not disturb the trial court's finding of contempt.

2. Mother contends the trial court erred when, without hearing

---

[1] Mother filed an application for discretionary review of the trial court's April 2010 order, which this Court granted under OCGA § 5-6-35 (j) inasmuch as Mother had a right to appeal directly from a judgment or order in a child custody case that refused to change custody and that held her in contempt of a child custody judgment or order. OCGA § 5-6-34 (a) (11). While that application for discretionary review was pending, the trial court entered the order requiring Mother to pay Father's attorney fees and reasonable expenses (May 2010), and an order denying Mother's motion to set aside the award (October 2010). Acting pursuant to OCGA § 5-6-35 (a) (8), Mother filed a timely application seeking review of the denial of the motion to set aside, which application this Court granted.

[2] The trial court also found Mother in contempt for failing to obey a court order to pay $1,500 in attorney fees to Father's counsel for previous litigation, and in contempt of the visitation provisions of the parties' judgment and decree of divorce, as modified by court order in October 2007.

evidence on three of the four subjects of her petition, it dismissed her petition to hold Father in contempt and for modification of custody, child support, and visitation. The trial court held a hearing on Mother's petition and entered a written order which dismissed and denied Mother's petition "pursuant to OCGA §§ 19-6-15, 19-9-3, and 19-9-24 and all other applicable law. . . ."[3]

Three of the four actions sought by Mother's petition were dismissable pursuant to OCGA § 19-9-24 (b), which prohibits a legal guardian from bringing an action for modification of child custody or visitation rights or any application for contempt of court so long as visitation rights are withheld by the legal guardian in violation of the custody order. Counsel for Father submitted at the evidentiary hearing a calendar on which he had circled over 100 dates between March 21 and November 20, 2009, on which the scheduled visitation between Father and child had not taken place. Mother admitted there were times when she and the child left her home on scheduled visitation days prior to the closure of the two-hour window in which Father was to pick up the child, and there were occasions on which she did not overrule the child's reluctance or refusal to leave the house and meet his waiting father. Mother testified the child did not wish to visit with Father and she did not insist that he do so. However, "[t]he desires of children under 14 years of age in not wanting to visit their noncustodial parent is not sufficient to deny the noncustodial parent his or her rights of visitation." *Prater v. Wheeler*, 253 Ga. 649, 650 (322 SE2d 892) (1984). Having found at the hearing that Mother had withheld visitation, the trial court did not err when, pursuant to OCGA § 19-9-24 (b), it dismissed the contempt, visitation, and custody portions of Mother's petition and, consequently, did not permit Mother to present evidence on the merits of the dismissed claims.

OCGA § 19-9-24 (b) does not prohibit a legal guardian who withholds visitation from bringing an action for modification of child support. "Child support is the right of the child and not of its custodian; . . . The conduct of the custodian cannot deprive the child of this right to support, any more than the custodian can waive it for the child or contract it away. [Cits.] [OCGA § 19-9-24 (b)] does not provide otherwise." *Stewart v. Stewart*, 160 Ga. App. 463-464 (287

---

[3] At the conclusion of the hearing, the trial court orally ruled that the requests for modification of child support and visitation were dismissed due to Mother's violation of the two-year rule (see OCGA §§ 19-6-15 and 19-9-3 (b)), and the request for modification of child custody was denied on the ground that Mother had not proven the existence of a material change in condition. See OCGA § 19-6-15 (k). The trial court dismissed Mother's petition for contempt on the ground that Mother withheld visitation (see OCGA § 19-9-24 (b)), and noted that it could dismiss the request for modification of child custody on the same ground.

SE2d 378) (1981). Instead, the trial court relied upon OCGA § 19-6-15 (k) (2) in dismissing the portion of Mother's petition seeking modification of child support.

OCGA § 19-6-15 (k) (2) provides that "[n]o petition to modify child support may be filed by either parent within a period of two years from the date of the final order on a previous petition to modify by the same parent except [in certain situations not applicable here]." A purpose of the two-year limitation is "the protection of the parties from excessive litigation over the same issues within the two-year period." *Griffin v. Griffin*, 248 Ga. 743, 744 (285 SE2d 710) (1982) (addressing Ga. Code Ann. § 30-220 (a), the precursor of the two-year limitation found in OCGA § 19-6-19 (a) on petitions for modification of spousal support). Mother filed the current petition for modification of child support in November 2009, eleven months after the trial court's dismissal in December 2008 of an earlier petition for modification of child support and visitation filed by Mother. The trial court's entry of an order dismissing a support-modification petition is a "final order" since it is a judicial action that terminates the litigation with prejudice and is imposed involuntarily upon a petitioner. See *Taylor v. Taylor*, 182 Ga. App. 412 (356 SE2d 236) (1987). Since two years had not elapsed from the December 2008 court order disposing of an earlier petition for support modification filed by Mother, the trial court did not err when it dismissed under OCGA § 19-6-15 (k) (2) the portion of the 2009 petition seeking modification of the child-support award.

3. Mother argues the trial court erred as a matter of law when it did not allow the guardian ad litem to interview the child's therapist without Father's consent. However, Mother endorsed a limitation on the guardian's contact with the therapist when she and Father consented to the entry of the modified consent order appointing the guardian ad litem. The order, entered with the consent of counsel, provided that the guardian was not authorized to speak to the therapist to whom Mother had taken the child or any other therapist the child previously had seen without the permission of both parents or the entry of a court order. An order entered with the consent of counsel is binding on the client in the absence of fraud, accident, mistake, or collusion of counsel and, in the absence of such a showing, a party cannot complain of a consent order. *Rieffel v. Rieffel*, 281 Ga. 891 (3) (644 SE2d 140) (2007).

4. Mother complains the trial court abused its discretion when it ordered that she pay the remainder of the fees owed the guardian ad litem. In its 2010 order, the trial court noted that each party had paid $2,692 to the guardian and ordered Mother to pay the outstanding balance of $3,683.50. Mother asserts she was the prevailing party in the contempt action brought by Father, so she should be able to

recoup the costs of litigation under OCGA § 9-11-54 (d), and sees error in the trial court's failure to consider the financial circumstances of the parties. Assuming OCGA § 9-11-54 (d) is applicable (but see OCGA § 19-7-50 governing payment of fees to a guardian ad litem), it would not be applicable to this case as Mother was not the prevailing party since all three counts of Father's petition alleging contumacious conduct of Mother were upheld by the trial court. Furthermore, there is no statutory requirement that the trial court consider the parties' relative financial circumstances when apportioning each party's share of the guardian's fees pursuant to a consent order, and we decline to impose such a requirement. Compare OCGA § 19-6-2 (a) (1).

5. Lastly, Mother contends the trial court erred when it did not apply the rule of sequestration to an unidentified woman sitting in the courtroom. Father's counsel stated he was not going to call the woman as a witness, Mother's counsel said she "might" call her, and the trial court ascertained the woman was not under subpoena. The woman did not testify. OCGA § 24-9-61 gives to a party the right "to have the witnesses of the other party examined out of the hearing of each other[,]" subject to the trial court's discretion to make exceptions to the rule. *Welch v. State*, 251 Ga. 197 (7) (304 SE2d 391) (1983). Putting to the side the fact that Mother sought to invoke the rule against a witness she might call instead of a witness for the other party, where the target of the invocation of the rule of sequestration does not testify, the trial court's failure to enforce the rule against that person is not an abuse of discretion. *Welch v. State*, supra, 251 Ga. at 201. Since the unidentified woman did not testify, the trial court did not abuse its discretion.

## Case No. S11A0688

This appeal focuses on whether the trial court had jurisdiction to enter the award of attorney fees in May 2010 while an application for discretionary appeal was pending in this Court, and whether Mother had a right to appeal directly the trial court's denial of her motion to set aside the attorney-fee award.

Following the entry of the trial court's judgment in April 2010, Mother filed both a notice of appeal and an application for discretionary review on May 20. On May 25, the trial court ruled on Father's pending request for an award of attorney fees and reasonable expenses and ordered Mother to pay $16,864.50 to Father's attorney within 30 days. Mother filed a motion to set aside the attorney-fee award in July 2010, which the trial court denied on October 6, 2010. Mother then filed an application for discretionary review of the denial of her motion to set aside, which we granted.

6. Mother contends that the notice of appeal and application for discretionary review filed on May 20 deprived the trial court of jurisdiction to enter the attorney-fee award on May 25.[4] "The filing of an application for appeal shall act as a supersedeas to the extent that a notice of appeal acts as a supersedeas." OCGA § 5-6-35 (h). See OCGA § 5-6-46 regarding a notice of appeal serving as a supersedeas. The supersedeas of a filed application or notice of appeal "deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect. [Cit.]" *Upton v. Jones*, 280 Ga. 895 (1) (635 SE2d 112) (2006) (after notice of appeal was filed, habeas court without jurisdiction to enter an order clarifying grounds upon which habeas relief was granted). See also *Scroggins v. State*, 288 Ga. 346 (703 SE2d 622) (2010) (after notice of appeal was filed, trial court without jurisdiction to supplement revocation of probation with subsequent order granting an out-of-time discretionary appeal); *Kidd v. Unger*, 207 Ga. App. 109 (3) (427 SE2d 82) (1993) (after notice of appeal was filed, trial court without jurisdiction to enter an order purporting to limit the scope of the earlier ruling from which the notice of appeal was filed). The supersedeas that stems from the filing of an application or notice of appeal is limited in that it "supercedes only the judgment appealed; it does not deprive the trial court of jurisdiction as to other matters in the same case not affecting the judgment on appeal." *Cohran v. Carlin*, 249 Ga. 510, 512 (291 SE2d 538) (1982) (notice of appeal from the grant of summary judgment to third-party defendants did not deprive trial court of authority to enter orders in plaintiffs' action against defendant). See also *Cook v. Smith*, 288 Ga. 409 (4) (705 SE2d 847) (2010) (notice of appeal from order holding party in contempt did not deprive the trial court of jurisdiction to rule on issues in underlying action). The trial court retains jurisdiction to handle matters which are independent of and distinct from the judgment on appeal. *Davis v. Harpagon Co.*, 281 Ga. 250 (8) (637 SE2d 1) (2006). Essentially, the supersedeas that results from the filing of an application to appeal or a notice of appeal deprives the trial court of jurisdiction to take action in the case that would affect the judgment on appeal, but it does not deprive the trial court of entering an order that might be affected by the outcome of the appeal of the underlying judgment,

---

[4] According to the trial court's order that Mother pay $16,864.50 to Father's attorney, the amount awarded "represents the attorney's fees attributable only to the modification action . . . where the Mother failed to prevail and Counts II and III of the contempt action [taking child to therapist not authorized by Father and failing to pay $1,500 attorney-fee award] . . . where the Mother was found in willful contempt."

"subject to the peril that any decision reached which conflicts with the decision of the appellate court when rendered will thereby be made nugatory." *Southeastern Wholesale Furniture Co. v. Atlanta &c. Co.*, 84 Ga. App. 271, 276 (66 SE2d 68) (1951).

Citing *Davis v. Harpagon Co.*, supra, 281 Ga. 250 (8), Mother contends the order requiring her to pay attorney fees should have been set aside because the trial court was without jurisdiction to enter it. Mother reasons that the order requiring her to pay attorney fees as a result of her having been found in contempt and having had her modification petition dismissed is "directly related" to the earlier-appealed judgment finding her in contempt and dismissing her modification petition. *Davis* was a quia timet proceeding supervised by a special master who, faced with cross-motions for summary judgment, had determined that a genuine issue of material fact remained and thereafter had sought interim payment of his fees. In an action to quiet title, the special master's compensation is fixed by the trial court and "taxed in the discretion of the court as part of the costs." OCGA § 23-3-68. After the notice of appeal was filed from the special master's underlying judgment, the trial court granted the special master's request that the parties pay the master's interim fees. We vacated that order after holding that the filing of the notice of appeal in the underlying action deprived the trial court of jurisdiction to thereafter order the payment of interim fees to the special master because ultimate responsibility for the fees was "directly related to the resolution of the . . . quiet title action" that was not yet fully resolved at the time the trial court taxed the special master's fee as costs of the action. Under such circumstances, the award of the special master's fee was improper. In the case at bar, however, the trial court did not err when it denied Mother's motion to set aside the award of attorney fees since its underlying judgment was final and the trial court's award of attorney fees did not supplement, amend, alter or modify the April 2010 order and judgment which were the subjects of the pending discretionary application and notice of appeal. Thus, the supersedeas of the May 20 application and notice of appeal did not deprive the trial court of jurisdiction to enter the award of attorney fees.[5]

7. Pursuant to OCGA § 5-6-35 (a) (8), which requires a litigant to file an application for discretionary review in order to appeal the denial of a motion to set aside, Mother filed an application for discretionary review of the denial of her motion to set aside the

---

[5] Had we reversed the portions of the underlying judgment upon which the trial court relied in awarding the attorney fees, the trial court would have had to re-visit the award as it would have been made nugatory by the conflicting appellate decision. *Southeastern Wholesale Furniture Co. v. Atlanta &c. Co.*, supra, 84 Ga. App. at 276.

award of attorney fees. OCGA § 5-6-34 (a) (11) authorizes a party to file a direct appeal from "[a]ll judgments or orders in child custody cases including, but not limited to, awarding or refusing to change child custody or holding or declining to hold persons in contempt of such child custody judgment or orders. . . ." In granting Mother's application, we asked the parties to address whether the denial of a motion to set aside an award of attorney fees is directly appealable.

Assuming without deciding that the trial court's denial of Mother's motion to set aside the attorney-fee award falls within the coverage of OCGA § 5-6-35 (a) (11), Mother was required to file an application for discretionary appeal since OCGA § 5-6-35 (a) (8) requires that review of an order denying a motion to set aside be preceded by an application for discretionary review. Where both OCGA § 5-6-34 (a) and § 5-6-35 (a) are involved, an application for appeal is required when "the underlying subject matter" of the appeal is listed in OCGA § 5-6-35 (a), even though the party may be appealing a judgment or order that is procedurally subject to a direct appeal under OCGA § 5-6-34 (a). *Rebich v. Miles*, 264 Ga. 467, 468 (448 SE2d 192) (1994). See *Todd v. Todd*, 287 Ga. 250 (1) (696 SE2d 323) (2010) (appeal of a divorce judgment in which child custody was an issue must come by way of application).[6]

*Judgments affirmed. All the Justices concur.*

DECIDED MAY 16, 2011.

*Hait & Eichelzer, Elizabeth J. Kuhn*, for appellant.

---

[6] In posing the question of whether Mother was entitled to a direct appeal, we directed the parties to *Norman v. Ault*, 287 Ga. 324 (6) (695 SE2d 633) (2010) and *Mitcham v. Blalock*, 268 Ga. 644 (4) (491 SE2d 782) (1997). Upon closer inspection, we have determined that neither is applicable to the case before us. In *Mitcham*, we held that an award of attorney fees or expenses of litigation made pursuant to OCGA § 9-15-14 could be appealed without filing the application for discretionary review required by OCGA § 5-6-35 (a) (10) when the underlying judgment in the case was pending. See also *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524 (4) (a) (360 SE2d 566) (1987); *Stancil v. Gwinnett County*, 259 Ga. 507 (384 SE2d 666) (1989); *Rolleston v. Huie*, 198 Ga. App. 49 (4) (400 SE2d 349) (1990). That holding has been applied only in cases involving OCGA § 9-15-14, and the case at bar does not involve an award under OCGA § 9-15-14.

In *Norman v. Ault*, supra, 287 Ga. 324 (6), we held that an order of contempt entered after the filing of an application for discretionary appeal following the entry of the judgment of divorce, which application was granted, was not covered by the granted application since it was not entered prior to or contemporaneous with the final judgment of divorce (see OCGA § 5-6-34 (d)), and would have to be the subject of a separate application of discretionary review under OCGA § 5-6-35 (a) (2). In the case at bar, Mother filed a timely application from the denial of her motion to set aside and was not attempting to obtain review of that order by means of the notice of appeal filed in her appeal of the underlying judgment.

*Kessler, Schwartz & Solomiany, Randall M. Kessler, Marsh & Frost, Jessica H. Frost, David A. Webster*, for appellee.