# Court of Appeals
# of the State of Georgia

ATLANTA,  January 17, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1143. JOSEPH D. MCELHANNON v. FALESHA ROBINSON.**

In 2012, Joseph D. McElhannon and Falesha Robinson were divorced, and McElhannon was ordered to pay Robinson alimony. After he failed to pay, the trial court found him in contempt of the divorce decree and ordered him to pay the arrearage. But in 2017, the trial court again found McElhannon in contempt and ordered him incarcerated until he purged the contempt. McElhannon thereafter filed a new action, which he styled a "petition for release from incarceration." Following a hearing, the trial court found that McElhannon had failed to prove indigence and inability to pay and, accordingly, denied his petition for release. McElhannon then filed a direct appeal.[1] We lack jurisdiction.

McElhannon appears to assert that he is entitled to a direct appeal under OCGA § 5-6-34 (a) (2),[2] which permits appeals from "[a]ll judgments involving . . . contempt cases[.]" But appeals from orders entered in domestic relations cases, including orders holding persons in contempt of alimony judgments, must come by application for discretionary review. See OCGA § 5-6-35 (a) (2). When both OCGA § 5-6-34 (a) and OCGA 5-6-35 (a) are involved, an application for appeal is required when "the underlying subject matter" of the appeal is listed in OCGA § 5-6-35 (a), even though the party may be appealing a judgment or order that is procedurally subject to a direct

---

[1] McElhannon initially appealed to the Supreme Court, which transferred the case to this Court. See Case No. S19A0379 (Dec. 10, 2018).

[2] In his notice of appeal, McElhannon cites to OCGA § 3-6-34 (a) (2), a non-existent statute.

appeal under OCGA § 5-6-34 (a). *Avren v. Garten*, 289 Ga. 186, 192 (7) (710 SE2d 130) (2011). Here, to appeal the denial of his release from incarceration for contempt in his divorce action, McElhannon was required to file an application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (2). See *Massey v. Massey*, 294 Ga. 163, 165 (2) (751 SE2d 330) (2013); *Norman v. Ault*, 287 Ga. 324, 331 (6) (695 SE2d 633) (2010); *Russo v. Manning*, 252 Ga. 155, 155-156 (312 SE2d 319) (1984) ("A judgment of contempt regarding a domestic relations decree is appealable only by application for discretionary appeal."). Although McElhannon purported to file a new action, "substance, rather than nomenclature, governs pleadings," *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010) (punctuation omitted), and his petition for release from incarceration is part of the underlying domestic relations case between the parties. Cf. *Hamryka v. City of Dawsonville*, 291 Ga. 124, 125 (2) (728 SE2d 197) (2012) (holding that an application was nonetheless required to seek review of an administrative zoning decision under OCGA § 5-6-35 (a) (1) even though appellant filed a new action below, rather than appealing the zoning decision to the superior court).

"Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). McElhannon's failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __01/17/2019_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____, Clerk.