# Court of Appeals
# of the State of Georgia

ATLANTA,  August 03, 2023

*The Court of Appeals hereby passes the following order:*

## A24A0040. TRAVIS TRAMMELL v. KEISHA BOGAN TRAMMELL.

Travis Trammell and Keisha Bogan Trammell divorced, and the trial court modified their divorce decree in 2018. In 2021, Keisha filed a petition for contempt on the basis that Travis had failed to pay child support as required by the modified divorce decree. In January 2023, the trial court found Travis in contempt and ordered him incarcerated until he purged the contempt. Following a compliance hearing on the January 2023 order, the trial court issued a criminal contempt order. On March 13, 2023, the trial court vacated the criminal contempt order, but filed another order again finding Travis in contempt and ordering him incarcerated until he purged the contempt. Travis filed two emergency motions for supersedeas, which this Court granted. See Case Nos. A23E0038 (Mar. 13, 2023); A23E0039 (Mar. 14, 2023). He also filed this direct appeal. We, however, lack jurisdiction.

To the extent that Travis asserts that he is entitled to a direct appeal under OCGA § 5-6-34 (a) (2),which permits appeals from "[a]ll judgments involving . . . contempt cases," he is incorrect.[1] Appeals from orders entered in domestic relations cases, including orders holding or declining to hold persons in contempt, must come by application for discretionary review. See OCGA § 5-6-35 (a) (2); *Russo v. Manning*, 252 Ga. 155, 155-156 (312 SE2d 319) (1984) ("A judgment of contempt regarding a domestic relations decree is appealable only by application for discretionary appeal."). When both OCGA § 5-6-34 (a) and OCGA § 5-6-35 (a) are involved, an application for appeal is required when "the underlying subject matter"

---

[1] In his notice of appeal, Travis cites to OCGA § 5-6-34 generally.

of the appeal is listed in OCGA § 5-6-35 (a), even though the party may be appealing a judgment or order that is procedurally subject to a direct appeal under OCGA § 5-6-34 (a). *Avren v. Garten*, 289 Ga. 186, 192 (7) (710 SE2d 130) (2011). Here, to appeal the March 13 contempt order, Travis was required to file an application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (2). See *Massey v. Massey*, 294 Ga. 163, 165 (2) (751 SE2d 330) (2013); *Russo*, 252 Ga. at 155-156.

"Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Travis's failure to comply with the discretionary appeal procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__08/03/2023_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____, Clerk.