## 45496. CALDWELL v. CALDWELL.
(367 SE2d 540)

GREGORY, Justice.

Arthur and Gail Caldwell were divorced on May 6, 1980. At the time of the divorce Arthur was earning approximately $900 per month. The decree provided that Arthur pay $250 per month as child support. In 1984 Arthur was earning approximately $1300 per month. Gail sought to modify child support but the petition was denied and the decree remained unchanged. OCGA § 19-6-19. The present action for modification of child support was filed in 1987. Arthur claims he is now earning $1760 per month. The trial court ruled that the relevant period for measuring change in condition is from the date of last adjudication whether it modified the previous order or not, and therefore looked to 1984 rather than 1980.

OCGA § 19-6-19 provides a judgment for child support is subject to revision upon a showing of a change in the income and financial status of either spouse or in the needs of the child or children. We hold the appropriate comparison for measuring change is between the relevant factors existing at the time of the original judgment or from the most recent judgment revising child support, and the relevant factors existing at the time of the hearing on the current petition for revision. Where a petition for revision does not result in a judgment of revision it is not a proper point from which to measure change.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 27, 1988.

*Allen W. Johnson,* for appellant.
Arthur A. Caldwell, *pro se.*