## 45472. THORP v. THORP.
(367 SE2d 232)

WELTNER, Justice.

Two months after a final decree of divorce, the former husband filed a complaint for modification of child support. The trial court dismissed the complaint as violative of the two-year limitation contained in OCGA § 19-6-19 (a), which provides:

> The judgment of a court providing permanent alimony for the support of a child or children . . . shall be subject to revision upon petition filed by either former spouse showing a change in the income and financial status of either former spouse or in the needs of the child or children. . . . No petition may be filed by either former spouse under this subsection within a period of two years from the date of the final order on a previous petition by the same former spouse.

The clear intent of the statute is "the protection of the parties from excessive litigation over the same issues within the two-year period," see *Griffin v. Griffin*, 248 Ga. 743, 744 (285 SE2d 710) (1982). Even so, we cannot interpret it to preclude the filing of this petition, because the judgment of divorce that it seeks to modify is not a "final order on a previous petition" for modification.

Accordingly, the petition was not subject to dismissal.[1]

---

[1] We are in sympathy with the trial judge, whose remarks on dismissal were: "One of the things I'd like the record to reflect is that I have just received the final brief and affidavits on

*Judgment reversed. All the Justices concur, except Marshall, C. J., who dissents.*

DECIDED MAY 5, 1988.

*Mullins, Whalen & Shepherd, Andrew J. Whalen III, Timothy N. Shepherd,* for appellant.
*Nancy A. Bradford,* for appellee.

---

the attorney's fees in the jury divorce case between Thorp v. Thorp, and before I've had a chance to rule on that, we're up here on a modification."

Perhaps the General Assembly will see fit to remedy this plight by basing the two-year limitation upon "a final order fixing alimony or child support."