45342, 45414. McALPINE v. LEVEILLE; and vice versa.

(369 SE2d 907)

BELL, Justice.

These two appeals stem from a judgment entered on a jury verdict finding against the former wife, Carol McAlpine, on her petition for modification of child support. In Appeal No. 45342, Carol contends that the trial court erred in not admitting into evidence the financial affidavits she and her former husband, William Leveille, prepared pursuant to Uniform Superior Court Rule 24.2, 253 Ga. 801, 837 (effective July 1, 1985). In Appeal No. 45414, the former husband, William Leveille, contends that the trial court should have granted his motion to dismiss Carol's petition for modification. He argues that the petition was filed less than two years after the final judgment in the parties' divorce action, thus violating OCGA § 19-6-19. For the reasons which follow, we affirm both appeals.

A final judgment was entered in the parties' divorce action on August 16, 1983. On July 17, 1985, less than two years after the entry of the final judgment, Carol filed a petition for modification of William's child support obligation. William filed a motion to dismiss the petition based on OCGA § 19-6-19, which provides, in relevant part, that petitions for modification of child support obligations may not be "filed by either former spouse under this subsection within a period of two years from the date of the final order on a previous petition by the same former spouse." The trial court denied the motion to dismiss, concluding that two-year proscription of § 19-6-19 only applied when a petition for modification had been filed within two years of a previous petition for modification.

During the jury trial, Carol submitted for admission into evidence the financial affidavit she had prepared pursuant to Uniform Superior Court Rule 24.2. Upon objection by William, the trial court excluded the affidavit, on the basis that it was inadmissible as a "continuing witness." The court stated "I agree . . . that it is a duplication of testimony; she testified to it fully. I do not believe it is admissible. It would be just like a deposition going out . . . ." The trial court also excluded William's affidavit, for the same reason.

1. We will first address the issue presented by Appeal No. 45414, because a decision favorable to William on his appeal would moot any issue regarding the alleged erroneous exclusion of the affidavits. We have recently decided adversely to William the issue he raises in his appeal. *Thorp v. Thorp*, 258 Ga. 220 (367 SE2d 232) (1988).

In *Thorp*, we held that we could not interpret § 19-6-19 (a) as precluding a petition for modification of child support filed within two years of the final judgment in the parties' divorce action, "because the judgment of divorce that it seeks to modify is not a 'final order on a previous petition' for modification." *Thorp*, supra, 258 Ga.

at 220. Based on *Thorp*, we conclude that the trial court correctly denied William's motion to dismiss Carol's modification petition. Accordingly, Appeal No. 45414 presents no ground for reversal of the judgment.

2. We now turn to the issue presented by Appeal No. 45342 — whether the trial court erred in refusing to admit into evidence the parties' financial affidavits.

In *Tibbs v. Tibbs*, 257 Ga. 370 (359 SE2d 674) (1987) (decided after the trial in the instant case), we addressed the issue whether the trial court erred in admitting a financial affidavit into evidence and permitting it to go out with the jury, over an objection that the affidavit constituted "continuing testimony." We concluded that the trial court did not err.

> In Georgia the "continuing witness" objection is based on the notion that written testimony is heard by the jury when read from the witness stand just as oral testimony is heard when given from the witness stand. But, it is unfair and places undue emphasis on written testimony for the writing to go out with the jury to be read again during deliberations, while oral testimony is received but once. *Thomason v. Genuine Parts Co.*, 156 Ga. App. 599, 601 (275 SE2d 159, 162) (1980). The trial judge correctly noted that the affidavit . . . would normally have fallen into the "continuing witness" category. We hold, however, that the Uniform Rules create a limited exception with regard to affidavits used in connection with support orders.

*Tibbs*, supra, 257 Ga. at 370-371.

*Tibbs* thus establishes that affidavits offered into evidence under Rule 24.2 should not be excluded based on the "continuing witness" ground. In *Tibbs*, however, we did not specifically address whether such affidavits are always admissible. Therefore, we now hold that affidavits which are in substantial compliance with the form suggested by Rule 24.2 are admissible.[1]

In view of *Tibbs*, the trial court in this case erred in excluding the parties' affidavits on the "continuing witness" ground. However, we do not find that the exclusion of the affidavits warrants a new trial, as the information contained in them was substantially submitted to the jury through the parties' testimonies. See *In re Estate of Harris*, 251 Ga. 535 (1) (307 SE2d 482) (1983); *Miller Grading &c. v. Ga. Fed. &c. Assn.*, 247 Ga. 730, 733-734 (3) (279 SE2d 442) (1981).

---

[1] Of course, trial courts may exclude affidavits which are unduly confusing, misleading, or deceptive, or which contain otherwise inadmissible material.

Appeal No. 45342 therefore presents no ground for reversal of the judgment.

*Judgment affirmed in Appeal No. 45342. All the Justices concur, except Smith, J., who dissents, and Hunt, J., not participating. Judgment affirmed in Appeal No. 45414. All the Justices concur, except Hunt, J., not participating.*

DECIDED JULY 14, 1988.

*Stacy, Sanders & McAlpine, Stroud P. Stacy II, Spix & Krupp, Spencer J. Krupp,* for appellant.
*Alston & Bird, Jay D. Bennett,* for appellee.