S90A1307. GIUGLIANO v. GIUGLIANO.
(396 SE2d 897)

CLARKE, Chief Justice.

We granted appellant's application to appeal from the trial court's order in a modification action to answer a single question: Did the trial court err in refusing to consider Mr. Giugliano's motion to modify child support?

The parties were divorced in September 1987. By the terms of the agreement incorporated into the divorce decree Mr. Giugliano was to pay $150 per week child support. His income decreased because of a job change. The parties drafted what they referred to as a modification of the previous agreement in November 1989. The agreement was not executed at that time. Under this agreement appellant paid the same amount of child support but paid at the rate of $650 per month instead of $150 per week.

When Mrs. Giugliano refused to execute the agreement Mr. Giugliano filed a petition seeking modification, and she counterclaimed al-

leging contempt. In his complaint, which was in two counts, Mr. Giugliano asked 1) that the court modify his child support to $120 per week and 2) that the court make the agreement containing the $650 per month child support the order of the court. These prayers appear to be contradictory.

The agreement was finally signed in January 1990, with minor modifications not involving the issue before us. The petition for modification and counterclaim for contempt came before the court for a hearing in April 1990. The parties had entered into a number of stipulations in addition to the agreement, and the court decided the matter on these stipulations. The court found that the parties had stipulated that Mr. Giugliano's income had decreased between the 1987 divorce and the signing of the agreement in January 1990, but that no further decrease had occurred since the agreement. Therefore, the court concluded that Mr. Giugliano was not entitled to modification of child support due to a decreased income. The court made the January agreement the order of the court.

The agreement of January 1990, did modify child support in that it provided for a monthly rather than a weekly payment. Mr. Giugliano in his complaint for modification asked that the agreement be made the order of the court. He also asked that child support be modified. The court could have concluded that the parties negotiated the $650 per month child support and that because there had been no change in his situation since the January agreement was executed Mr. Giugliano should be held to that agreement. However, the court specifically found that the issue of modification of child support *had not been* settled between the parties and then found that Mr. Giugliano was not entitled to relief because his situation had not changed since January.

OCGA § 19-6-19 (a), which deals with modification of permanent alimony or child support, provides that "[n]o petition may be filed by either former spouse under this subsection within a period of two years from the date of the final order on a previous petition by the same former spouse." This has been interpreted to mean that a petition for modification *may* be filed within two years of the divorce decree since a divorce decree is not an order on a petition for modification. *McAlpine v. Leveille*, 258 Ga. 422 (369 SE2d 907) (1988); *Thorp v. Thorp*, 258 Ga. 220 (367 SE2d 232) (1988). It is well settled that an extrajudicial agreement to modify child support is invalid. *Spivey v. McClellan*, 259 Ga. 181 (378 SE2d 123) (1989); *Earley v. Earley*, 165 Ga. App. 483 (300 SE2d 814) (1983).

The Code section on modification provides that a modification petition based on change of circumstances may be brought only after two years from a previous petition by the same party. The section is silent as to the time frame within which the change in circumstances

must have occurred. However, this court has held that

> ... the appropriate comparison for measuring change is between the relevant factors existing at the time of the original judgment or from the most recent judgment revising child support, and the relevant factors existing at the time of the hearing on the current petition for revision.

*Caldwell v. Caldwell*, 258 Ga. 208 (367 SE2d 540) (1988).

Therefore, the appropriate comparison in this case would have been between Mr. Giugliano's circumstances at the time of the original decree and his circumstances at the time of the April hearing. The fact that there has been no change in circumstances since the January agreement does not bar modification but may be considered by the court in its deliberations. We remand this matter for the court to consider the petition in light of this opinion.

*Judgment remanded. All the Justices concur.*

DECIDED OCTOBER 18, 1990.

*Donald R. Donovan,* for appellant.

*Vinson, Osborne, Talley & Richardson, James B. Talley, Jr.,* for appellee.