A01A1516, A01A1517. WILKINSON v. HOUSEHOLD FINANCE
CORPORATION, III (two cases).
(550 SE2d 677)

PHIPPS, Judge.

Household Finance Corporation, III filed a complaint for declaratory judgment against Cheryl Jessup and Tyrone Wilkinson. Household sought a declaration that property levied on by Jessup and sold

at a marshal's sale to Wilkinson is subject to its prior, unsatisfied security interest. By entering a consent judgment, Jessup recognized Household's priority. In Case No. A01A1516, Wilkinson appeals the trial court's grant of Household's motion for summary judgment against him. Case No. A01A1517 is Wilkinson's appeal from the trial court's grant of Household's motion to require Wilkinson to post a supersedeas bond pending appeal. We affirm the judgment in the first case and dismiss the appeal in the second.

Household holds a duly recorded first security deed to property located at 831 South Candler Road in Decatur. The property was previously owned by Thomas Bingley. Jessup caused the property to be levied upon and sold by marshal's sale to satisfy an outstanding judgment lien held by her. Wilkinson was the purchaser. Contrary to the requirements of OCGA § 9-13-60 (c), Household's security interest was not satisfied.

Household brought this complaint for declaratory judgment that Wilkinson took the property subject to Household's deed. Wilkinson answered the complaint and filed a cross-claim against Jessup and a counterclaim against Household. Wilkinson alleged that Household is guilty of laches, lack of diligence, and unreasonable delay in enforcing its rights and that it fraudulently conspired with Jessup to deprive him of the property.

In his appellate brief, Wilkinson correctly argues that the burden is on the movant for summary judgment to demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1] Wilkinson, however, fails to recognize the rule that the burden is on the appellant to show error affirmatively by the record.[2] Wilkinson has in no way carried this burden. Therefore, we affirm the trial court's award of summary judgment to Household.

Despite the grant of an extension in the second appeal, Wilkinson neither filed a brief and enumeration of errors nor requested another extension. Therefore, we dismiss the second appeal as having been abandoned.[3] Moreover, affirmance in the first appeal moots the second.[4]

·    *Judgment affirmed in Case No. A01A1516. Appeal dismissed in Case No. A01A1517. Smith, P. J., and Barnes, J., concur.*

---

[1] OCGA § 9-11-56 (c).

[2] *In the Interest of M. J. B.*, 238 Ga. App. 833, 834 (1) (520 SE2d 497) (1999).

[3] See Court of Appeals Rule 26 (a); *Lambros v. Longiotti*, 189 Ga. App. 837 (378 SE2d 416) (1989).

[4] See *California Fed. Sav. &c. Assn. v. Hudson*, 185 Ga. App. 384, 390 (9) (364 SE2d 582) (1987).

DECIDED JUNE 18, 2001.

*Louise T. Hornsby*, for appellant.

*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Carol V. Clark, Peter L. Lublin, Herald J. A. Alexander*, for appellee.