## A10A2298. IVERY v. BROWN.

(706 SE2d 120)

BARNES, Presiding Judge.

We granted discretionary appeal in this case involving the trial court's attempt to change an order in a legitimation proceeding from one dismissing the petition with prejudice to one dismissing the petition without prejudice. As the trial court was without authority to make this change, we reverse.

Amber Ivery and Jermaine Brown are the parents of L. I., who was born in March 2008. Brown, acting pro se, has filed multiple petitions seeking to legitimate L. I. and to challenge the amount of child support awarded to Ivery. He filed his first petition in July 2008, seeking legitimation, custody, visitation, and child support, and Ivery counterclaimed for custody and support. In September 2008, Ivery and Brown mediated a temporary agreement regarding child support, but in December 2008, Brown filed a new petition seeking to reduce the amount of child support he had agreed to pay Ivery. As the first petition was still pending and the child support award was temporary, the trial court dismissed Brown's second petition in February 2009.

On April 24, 2009, the trial court held a final hearing on the first petition and counterclaim, at which Brown appeared pro se. That same day Brown filed his third civil action, which was an exact duplicate of his first petition for legitimation, custody, visitation, and child support. On May 12, 2009, the trial court issued a final order on Brown's first petition, apparently unaware Brown had filed another one. The court noted that in December 2008, it had sanctioned Brown for failing to respond to Ivery's discovery and ordered him to respond, but Brown had not done so, leading Ivery to move in January 2009 to strike Brown's petition for legitimation, custody,

and visitation. The court heard Ivery's motion to strike at the final hearing in April 2009, and granted the motion in its final order, finding that Brown "willfully failed to provide responses, both written and documentary, to [Ivery's] Notice to Produce." Brown's claims having been dismissed, Ivery remained the sole legal custodial parent of L. I. Based on the Child Support Worksheet and the requirements of OCGA § 19-6-15, the court ordered Brown to pay Ivery $581 per month for support of the child. Finally, the court found Brown in wilful contempt of court for failing to pay Ivery child support under the terms of the temporary agreement for three-and-a-half months before the hearing, although he purged himself of the contempt at trial by issuing a check to Ivery for $1,540. The court also ordered Brown to pay Ivery's attorney $500 for having to pursue the contempt claim.

Three days later, on May 15, 2009, Brown filed his fourth civil action, a petition for modification of child support, contending that his monthly income had gone from $330 per month to nothing. In June 2009, the trial court consolidated Brown's April 2009 legitimation petition with his May 2009 modification petition. In its consolidation order, the court noted that both parties had been given the Fulton County Superior Court Family Division's "Litigant Checklist" and directed them to appear before the court on July 8, 2009 with all required documents.

At some point, Ivery moved to strike the consolidated petitions, and on September 14, 2009, the trial court granted the motion. In its "Final Order on Respondent's Motion to Strike," the trial court found as follows:

> Throughout the pendency of the consolidated action, [Ivery's counsel] has requested discovery from [Brown], including the Fulton County Mandatory Discovery as well as additional discovery served well within the discovery period. Despite sanctions levied against Mr. Brown during the action for failure to respond, Mr. Brown continued to willfully refuse to provide reasonable responses to the requests. Therefore, [Ivery's] Motion to Strike the consolidated Petition for Legitimation and Petition for Modification of Child Support [is] hereby GRANTED and Mr. Brown's Petition for Legitimation and Petition for Modification of Child Support are hereby DISMISSED.

The order does not specify whether the dismissal was with or without prejudice.

Finally, on April 27, 2010, the trial court issued an "Amended Final Order," purporting to correct a "scrivener's error" by striking

the last sentence of the September 14, 2009 order. The amended final order replaces the stricken sentence with the following: "Mr. Brown's Petition for Legitimation is hereby DISMISSED *without prejudice*. Mr. Brown's Petition for Modification of Child Support is hereby DISMISSED *with prejudice*." (Emphasis supplied.)

Ivery argues that the trial court erred in amending the order outside the term in which it was issued, in amending the order to affect the parties' substantive rights, and in acting without giving the parties an opportunity to respond. Brown did not file a responsive brief.

A trial court possesses the discretion to modify its judgment within the term in which it is rendered. *Bank of Cumming v. Moseley*, 243 Ga. 858 (257 SE2d 278) (1979). The terms of court for the Superior Court of Fulton County commence on the "[f]irst Monday in January, March, May, July, September, and November," OCGA § 15-6-3 (3), however, and thus the trial court's April 27, 2010 amended order was not issued during the same term of court in which it issued the September 14, 2009 order.

The trial court also has the power to correct clerical mistakes in orders "arising from oversight or omission" at any time, upon its own initiative or on a party's motion. OCGA § 9-11-60 (g); *Clark v. Ingram*, 150 Ga. App. 127, 128 (3) (257 SE2d 33) (1979). "For this purpose, a clerical mistake may be corrected if it is obvious from the face of the record or if, following a hearing, the evidence compels the conclusion that the error or omission was clerical in nature." *Cherry v. Moreton Rolleston, Jr. Living Trust*, 273 Ga. App. 876, 879 (616 SE2d 157) (2005).

The trial court in its initial order dismissed Brown's petitions for legitimation and modification of child support because Brown wilfully failed to respond to discovery despite a court order directing him to do so, a sanction authorized by OCGA § 9-11-37 (b) (2). *Amaechi v. Somsino*, 259 Ga. App. 346, 347 (577 SE2d 48) (2003). An involuntary dismissal which is not based on a failure to prosecute, lack of jurisdiction, improper venue, or lack of an indispensable party "operates as an adjudication upon the merits unless the court in its dismissal order specifies otherwise." *Roth v. Gulf Atlantic Media of Ga.*, 244 Ga. App. 677, 680 (2) (536 SE2d 577) (2000). See OCGA § 9-11-41 (b). Here, the trial court did not specify in its September 14, 2009 order that the dismissal was without prejudice; therefore, the dismissal was with prejudice. Changing the order in a subsequent term of court from dismissal with prejudice to dismissal without prejudice is not a clerical error appearing on the face of the record, but a substantive change that was not authorized under our law.

*Judgment reversed. Blackwell and Dillard, JJ., concur.*

DECIDED FEBRUARY 7, 2011.

*Kupferman & Golden, Gregory D. Golden*, for appellant.
Jermaine Brown, *pro se.*