S11A1316. BAGWELL v. BAGWELL.

(721 SE2d 847)

HINES, Justice.

This Court granted Jennifer Bagwell's ("Wife") application for interlocutory appeal to determine whether the Superior Court of Hall County erred in denying her motion to dismiss her ex-husband, Benjamin Bagwell's, ("Husband") November 5, 2010, petition to modify child support. For the reasons that follow, we conclude that it was error to refuse to dismiss the petition, and we reverse.

The Bagwells were married in 1992 and divorced in 2006. Under the final judgment and decree of divorce ("decree"), which incorporated an agreement of the parties, Husband and Wife were awarded joint legal and physical custody of their two minor children with Wife receiving primary physical custody, and Husband paying child support. In May 2010, Husband, an attorney, filed a pro se petition for downward modification of child support, alleging a substantial decrease in his income and financial status since the divorce, which decreased his ability to pay the previously awarded child support. Wife moved for sanctions against Husband for his failure to respond to discovery, and on October 22, 2010, the superior court held a

hearing in the matter, and at that time indicated its intent to dismiss the modification petition. On November 16, 2010, the superior court entered an order, nunc pro tunc to October 22, 2010, granting the motion for sanctions and dismissing Husband's petition for modification of child support. In so doing, the court found that the Husband had completely failed and refused to respond to the properly filed discovery in the case; that the failure to respond was wilful and intentional; that the information and documents sought by the Wife in discovery were necessary in order for her to be able to prepare for a modification hearing; that a litigant should not be permitted to proceed with an action for modification of child support when the litigant refused to provide any information about his financial circumstances; and that the Husband's refusal to respond to discovery was "even more egregious" because he was an attorney.

Just 14 days after the superior court announced its intention to dismiss Husband's modification petition, on November 5, 2010, Husband filed the present second pro se petition for downward modification of his child support obligation, again alleging a substantial downward change in his income and financial status which decreased his ability to pay the previously agreed-to and ordered child support. The Wife moved to dismiss the modification petition on the basis that it was time-barred under OCGA § 19-6-15 (k) (2).[1] On January 13, 2011, the superior court issued the subject order allowing the subsequent modification to proceed. It did so after stating that its dismissal of Husband's first modification petition was not an "adjudication on the merits," but "simply a sanction." It further stated that although it "realize[d] that the posture of this case may suggest that the provisions of OCGA § 19-6-15 (k) (2) are applicable," it found that the action should be permitted to proceed "in the interest of fundamental fairness and judicial economy." We disagree.

On its face, OCGA § 19-6-15 (k) (2) prohibits the filing of a petition for modification of child support *within two years from the date of a final order on a previous petition to modify filed by the same parent*, with certain narrow exceptions. The purpose of the prohibi-

---

[1] OCGA § 19-6-15 (k) (2) provides:
  No petition to modify child support may be filed by either parent within a period of two years from the date of the final order on a previous petition to modify by the same parent except where:
    (A) A noncustodial parent has failed to exercise the court ordered visitation;
    (B) A noncustodial parent has exercised a greater amount of visitation than was provided in the court order; or
    (C) The motion to modify is based upon an involuntary loss of income as set forth in subsection (j) of this Code section.

tion is to protect the parties from excessive litigation over the same issues. *Wilson v. Wilson*, 270 Ga. 479, 480 (1) (512 SE2d 255) (1999); *Taylor v. Taylor*, 182 Ga. App. 412, 413 (356 SE2d 236) (1987). So, the first question is whether the superior court's dismissal of Husband's first petition for modification of child support is a final order for the purpose of the statutory bar in OCGA § 19-6-15 (k) (2). With specified exceptions, an involuntary dismissal constitutes an adjudication upon the merits of a claim, unless the trial court in its order of dismissal specifies otherwise. OCGA § 9-11-41 (b).[2]

Moreover, the dismissal of a civil action as a sanction for failure of a party to comply with discovery is an adjudication on the merits. OCGA § 9-11-41 (b); *Brantley v. Sparks*, 167 Ga. App. 323 (306 SE2d 337) (1983), citing *Weeks v. Weeks*, 243 Ga. 416 (254 SE2d 366) (1979). In dismissing Husband's first petition for modification, the superior court did not specify that the order was not an adjudication on the merits, and it unquestionably was a final order on the claim for downward modification of child support.

As for the superior court's attempt in the present order to recast its dismissal of Husband's first modification as "simply a sanction" and not an adjudication on the merits so as to render it outside the ambit of OCGA § 19-6-15 (k) (2), it is unavailing. Once an order of dismissal is entered it may not be modified by the trial court outside the term of court in which it was issued in order to specify that it was without prejudice. *Ivery v. Brown*, 307 Ga. App. 732 (706 SE2d 120) (2011). This is so because transforming a dismissal that is "with prejudice" to one that is "without prejudice" is not merely a clerical correction or alteration but is a substantive change. Id. at 734. And, there is no question that this January 13, 2011 order was entered in a different term of the superior court from that in which the November 16, 2010, nunc pro tunc to October 22, 2010, dismissal

---

[2] OCGA § 9-11-41 (b) provides:

*Involuntary dismissal; effect thereof.* For failure of the plaintiff to prosecute or to comply with this chapter or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine the facts and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. The effect of dismissals shall be as follows: (1) A dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits; and (2) Any other dismissal under this subsection and any dismissal not provided for in this Code section, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, does operate as an adjudication upon the merits unless the court in its order for dismissal specifies otherwise.

order issued.[3]

Even assuming arguendo, that the superior court had the authority to modify the dismissal order to provide that it was not an adjudication on the merits, the ruling terminated the Husband's petition for modification, and thus, was a "final order," and therefore, triggered application of the prohibition in OCGA § 19-6-15 (k) (2).

Husband now seeks to circumvent such prohibition by citing subsection (C) of OCGA § 19-6-15 (k) (2), which contains an exception to the two-year ban if "[t]he motion to modify is based upon an involuntary loss of income as set forth in subsection (j) of this Code section." OCGA § 19-6-15 (j) (1), in relevant part, defines "involuntary loss of income" for the purpose of the statute to be the parent sustaining a loss of income of "25 percent or more." Husband maintains that he can avail himself of such exception because his subject petition for downward modification of child support is based on his involuntary loss of income of more than 25 percent. But, Husband did not expressly invoke this exception in his successive petition. However, even accepting the income figures set forth in Husband's petition as implicitly pleading that *since the decree* he sustained an involuntary loss of income in excess of the statutory exception, it does not aid him in an attempt to avoid the two-year ban inasmuch as the relevant time frame for such alleged loss of income is from the date of the prior modification ruling. And, the material allegations of the present petition are essentially that of the prior petition for modification, i.e., that since issuance of the decree and the child support award therein, Husband's gross earnings have decreased to less than $2,000 per month, and thus, he has sustained a substantial downturn in his income and financial status, which has decreased his ability to pay the awarded child support. Moreover, the fact that the substantive assertions in the present modification are identical to those in the dismissed modification action raises the doctrine of res judicata. *Brantley v. Sparks*, supra. See also *Douglas v. Douglas*, 238 Ga. 452 (233 SE2d 195) (1977).

Finally, there is no merit to the policy argument that the interest of judicial economy is served by allowing the present modification action to proceed. In fact, under the circumstances of this case, it is quite to the contrary. Permitting this successive modification action to survive is to reward a litigant for what has been determined to be the litigant's wilful and intentional refusal to comply with the ordinary court procedures and processes which the litigant's own

---

[3] The terms of the Superior Court of Hall County begin the first Monday in May and November and the second Monday in January and July. OCGA § 15-6-3 (26) (B).

suit has set in motion, and thereby, is tantamount to abuse of the judicial system.

The Husband's present petition for downward modification of his child support obligation is properly dismissed.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 23, 2012.

*Fox, Chandler, Homan, Hicks & McKinnon, Catherine H. Hicks,* for appellant.

*R. Ridgely Rairigh, Jr.,* for appellee.