# Court of Appeals
# of the State of Georgia

ATLANTA,  August 07, 2012

*The Court of Appeals hereby passes the following order:*

**A12D0473.  AMBER IVERY v. JERMAINE L. BROWN.**

In the parties' second appearance before this Court, Amber Ivery seeks discretionary review of the trial court's order setting aside and vacating its order of September 14, 2009, in which it dismissed with prejudice Jermaine Brown's petitions for legitimation, custody, and modification of child support.  In the first appearance of this case in this Court, Ivery appealed the trial court's order of April 27, 2010, which amended the September 14, 2009, order to indicate that Brown's legitimation petitions were dismissed without prejudice.  This Court reversed the trial court, concluding that the September 14, 2009, order could not be changed, and therefore, the dismissal was with prejudice.  See *Ivery v. Brown*, 307 Ga. App. 732, 734 (706 SE2d 120) (2011).

On May 20, 2011, the trial court entered an order dismissing yet another petition for legitimation filed by Brown,[1] based on this Court's opinion in *Ivery*, supra. Brown filed a motion to set aside that order.  On June 28, 2012, the trial court ruled on Brown's motion to set aside, vacating and setting aside its order of September 14, 2009, but leaving to stand its order of May 20, 2011, which dismissed Brown's petition.  Ivery filed her application to challenge the June 28, 2012, order.  We, however, dismiss the application as moot.

An appeal is subject to dismissal when the questions presented are moot.  See OCGA § 5-6-48 (b) (3).  Mootness results if a ruling would have no practical effect

---

[1] This petition (Brown's fourth) was filed on November 9, 2009, before this Court's opinion in *Ivery*, supra, but the order on appeal did not reference it.

on the alleged controversy. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997). Here, this Court held that Brown's legitimation petitions were dismissed with prejudice. *Ivery*, supra at 734. This ruling is binding on the lower court. See OCGA § 9-11-60 (h). Any subsequent appeal is thus moot and subject to dismissal. See OCGA § 5-6-48 (b) (3); *Wilkinson v. Household Finance Corp., III*, 250 Ga. App. 131, 132 (550 SE2d 677) (2001) (ruling in first appeal moots second appeal). Presumably, in accordance therewith, the trial court entered an order dismissing Brown's petition on May 20, 2011, which stands. Accordingly, because nothing remains to be resolved, this application is dismissed as moot.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __08/07/2012__
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 , *Clerk.*