**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 13, 2013**

# In the Court of Appeals of Georgia

A13A0909. ALICE V. DENNIS, GUARDIAN AND CONSERVATOR OF ADULT WARD, GLORIS R. MASON v. CITY OF ATLANTA.

BOGGS, Judge.

Alice Dennis, as guardian and conservator of an adult ward, Gloris R. Mason ("plaintiff"), appeals from the trial court's grant of the City of Atlanta's motion to dismiss her complaint on the grounds that it was barred by the terms of a release. The plaintiff contends that the trial court erred because: (1) the release does not bar future unknown claims which were not brought in the previous complaint; (2) it should have treated the motion to dismiss as one for summary judgment and granted her an opportunity to submit a complete record of a 2006 lawsuit; and (3) the release violated public policy. For the reasons explained below, we affirm.

On appeal, we review the trial court's grant of a motion to dismiss de novo. *South Point Retail Partners v. North American Properties*, 304 Ga. App. 419, 420 (696 SE2d 136) (2010).

> A motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Citation and punctuation omitted.) *Stendahl v. Cobb County*, 284 Ga. 525, 525-526 (1) (668 SE2d 723) (2008).

### *2008 Release*

The record shows that in 2006, the plaintiff, along with other nearby homeowners, sued the City for failing to adequately maintain the sewer and storm water drainage system serving their homes and neighborhood. In 2008, the plaintiff

settled her claim for $220,922.47 and executed[1] a document titled "FULL, COMPLETE AND GENERAL RELEASE." This document provides:

> The undersigned . . . do hereby release and forever discharge . . . the CITY OF ATLANTA, GEORGIA, . . . from *any and all* actions, causes of action, cause of action, suits, proceedings, damages, costs, loss of services, expenses, obligations, claims and demands *whatsoever*, whether in law or equity, known or *unknown*, foreseen or *unforeseen*, which RELEASORS may have or *which may hereafter accrue, in any way resulting from or arising out of any incident referenced in and/or any allegations brought or which could have been brought* in the [2006] Complaint filed by . . . Dennis. (Emphasis supplied.)
>
> RELEASORS understand and agree that this payment is intended to and does extinguish any and all claims . . . against any released party, which it may not have for any injuries resulting from or arising out of the matters referenced in the [2006 action].

*2006 Complaint*

The 2006 complaint included the following allegations:

> As part and parcel of the CITY OF ATLANTA's duty to protect the health, safety, and welfare of its citizens and property, the CITY OF ATLANTA has a duty to properly maintain a sewer and storm water drainage system. . . .

---

[1]The release was executed by Alice Dennis, as guardian for Gloris Mason.

The CITY OF ATLANTA's sewer and storm water drainage system serving Plaintiffs' homes and neighborhood has not been maintained in any appreciable way since the date of its construction, despite continuing growth and development in this area.

The aforementioned sewer and storm water drainage system is in such a deteriorated condition that it fails to function as originally designed.

The continued and persistent flooding of Plaintiffs' homes and neighborhood results from the CITY OF ATLANTA's failure to resolve problems with its sewer and storm water drainage system, as follows:

. . .

(b) the CITY OF ATLANTA has failed to update the sewer and storm water drainage system to meet the demands of continuing growth and development in Plaintiffs' neighborhood, which causes and contributes to sewer backups and storm water flooding;

(c) the CITY OF ATLANTA has failed to properly repair, replace and maintain its aging and deteriorating sewer and storm water drainage system, which causes and contributes to sewer backups and storm water flooding;

The CITY OF ATLANTA, at all times relevant to this action, had a legal duty to construct, replace and/or maintain the sewer and storm

4

water drainage system in Plaintiffs' neighborhood in such a manner that it does not create a nuisance.

As a result of this continuing and persistent flooding in the [area] where Plaintiffs' homes are located, the utility and value of MS. MASON's home is substantially diminished. In addition, her home and property are contaminated.

The CITY OF ATLANTA is chargeable with the continuous and persistent failure to update its sewer and storm water drainage system to meet the demands of continuing growth and development in Plaintiffs' neighborhood, which has created continuous and regularly repetitious sewer and storm water leaks, overflows, backups and blowouts, causing hurts, inconvenience and injury to Plaintiffs.

The CITY OF ATLANTA is chargeable with the continuous and persistent failure to properly repair, replace and maintain its aging and deteriorating sewer and storm water drainage system, which has created continuous and regularly repetitious sewer and storm water leaks, overflows, backups and blowouts, causing hurt, inconvenience and injury to the plaintiffs.

The CITY OF ATLANTA has created and maintained a continuing nuisance within, around and among the neighborhood, homes and property of Plaintiffs, which diminishes the value of their homes and property; which interferes with their use and enjoyment of their

homes and property; and which results in injury, annoyance and harm to Plaintiffs.

Plaintiffs have suffered and continue to suffer from sewer and water flooding . . . , which diminishes the value of their homes and property, interferes with their use and enjoyment of their homes and property; and causes injury, annoyance and harm to Plaintiffs."

*2012 Complaint*

In 2012, Plaintiff, represented by the same attorney, filed a nearly identical complaint against the City that included the following allegations:

For many years, the neighborhood where Plaintiff's property is located has been plagued with continuing and persistent sewer backups, resulting from the CITY OF ATLANTA's failure to construct and maintain a functional sanitary sewer system in her neighborhood.

The CITY OF ATLANTA's sewer system serving Plaintiff's home and neighborhood has not been expanded or maintained in any appreciable way since the date of its construction, despite continuing growth and development in the area.

Due to the failure and inadequacies of the CITY OF ATLANTA's sanitary sewer system, as described herein, sewage frequently backups into Plaintiff's home and other homes in the neighborhood.

The CITY OF ATLANTA is chargeable with the continuous and persistent failure to make needed and necessary repairs to prevent the sewer system from creating continuous and regularly repetitious sewer problems and backups at Plaintiff's home, causing hurt, inconvenience and injury to Plaintiff.

The CITY OF ATLANTA has created and maintained a continuing nuisance within, around and among Plaintiff's neighborhood and property, which diminishes the value of Plaintiff's property; which interferes with the use and enjoyment of her property; and which results in injury, annoyance and harm to plaintiff.

The plaintiff also asserted a claim for the City's failure to comply with two consent decrees obligating the City "to evaluate and implement short and long-term plans for eliminating water quality violations, resulting from combined sewer overflows and sanitary sewer overflows." She contended that the City's "failure to perform its ministerial duties relating to the [consent decrees]" diminished the value of her property.

*Dismissal of 2012 Complaint*

The City moved for judgment on the pleadings, asserting that the release applied to claims accruing in the future. Following a hearing, the trial court issued a well-reasoned order in which it concluded "that Plaintiff, in exchange for the

$220,922.47 settlement payment, released any future claims she might have arising from the allegations brought in her complaint in the 2006 action."

1. The plaintiff asserts that the trial court erred by applying the release to future unknown claims. We disagree.

Georgia law allows a party to release another from liability for future conduct and unknown claims, provided such intent is clearly expressed in the release. See *U. S. Anchor Mfg. v. Rule Indus.*, 264 Ga. 295, 298 (2) (443 SE2d 833) (1994); *Lewis v. Schlenz*, 161 Ga. App. 222, 224-225 (1) (291 SE2d 55) (1982). An examination of the plain and unequivocal language of the release at issue here confirms that the parties intended that it apply to the allegations in the Plaintiff's 2012 complaint. Specifically, the plaintiff released the City "from *any and all* actions, . . . *whatsoever*, . . . known or *unknown*, foreseen or *unforeseen*, which RELEASORS may have or *which may hereafter accrue, in any way resulting from or arising out of any incident referenced in and/or any allegations brought or which could have been brought* in the [2006] Complaint filed by . . . Dennis." (Emphasis supplied.) This provision makes it clear that the claims in the plaintiff's 2012 complaint fall within the scope of the release, even if some of the claims had not yet accrued at the time of the settlement.

Both the 2006 and 2012 complaints contain allegations that the City failed to properly maintain, update, and repair its sewer system, resulting in sewer backups in the plaintiff's neighborhood and diminished property values. While the 2012 complaint also includes an allegation regarding the City's failure to comply with consent decrees, these consent decrees arise out of matters referenced in the 2006 complaint. The trial court therefore did not err by granting the City's motion to dismiss.[2]

2. Based upon the plain and unequivocal language of the release, we find no merit in the plaintiff's claim that the trial court should have treated the City's motion to dismiss as one for summary judgment and allowed her to submit "a full record of the facts relevant to the 2006 and 2012 lawsuits." As an initial matter, we note that the exhibits attached to and referenced in the City's answer, the 2006 complaint and the 2008 release, did not convert the City's motion to dismiss into one for summary judgment. A trial court may consider exhibits attached to and incorporated into the

---

[2] Plaintiff asserts that Georgia authority allows continuing nuisance claims to be brought in multiple actions. This may well be true, but the general law relied upon by the plaintiff does not address the terms of a *release* of future unknown nuisance claims. See, e.g., *City of Atlanta v. Kleber*, 285 Ga. 413 (677 SE2d 134) (2009) (addressing statute of limitation in continuing nuisance case).

9

pleadings when ruling upon a motion to dismiss. See, e.g., *Poole v. In Home Health*, 321 Ga. App. 674 n.1 (742 SE2d 492) (2013).

And as the trial court correctly concluded, "discovery might be relevant if it were necessary to determine whether allegations of sewer backups *could* have been brought by Plaintiff in her complaint in the 2006 Action. Because such allegations *were* plainly brought in the 2006 complaint, however, the discovery proposed by plaintiff is irrelevant and unnecessary."(Emphasis in original.)

Additonally, whether the plaintiff actually sustained and sought damages for sewer backups in the 2006 complaint is immaterial based upon the plain language of the release. Because the 2006 complaint contained allegations of continuous sewer backups, the plaintiff's 2012 complaint for damages based upon sewer backups is barred by the release.

3. We find no merit in the plaintiff's remaining claim that enforcing the release to bar her 2012 complaint would violate public policy. As we have already noted in Division 1, Georgia law allows a party to release another from liability for future conduct and unknown claims, provided such intent is clearly expressed in the release, as it was in the release at issue here. See *U. S. Anchor Mfg.*, supra, 264 Ga. at 297 (1); *Lewis*, supra, 161 Ga. App. at 224-225 (1). Moreover, "the strong public policy" of

this State is to encourage settlement negotiations and settlement. *Smith v. Salon Baptiste*, 287 Ga. 23, 29 (2) (694 SE2d 83) (2010). In this case, the City paid a substantial sum to the plaintiff in exchange for a release of all claims, including future unknown claims, arising out of sewer backups and storm water drainage problems. The release at issue here does not violate public policy.

*Judgment affirmed. Doyle, P. J., and McFadden, J., concur.*