**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**August 21, 2024**

# In the Court of Appeals of Georgia

A24A0885. DIAL v. BURGE.

DILLARD, Presiding Judge.

Eric Dial and Reagan Burge were married, had two children together, and divorced in 2011. In April 2023, the trial court modified Dial's child support obligation, but three months later, Dial again sought modification, alleging he had experienced an involuntary loss of more than 25 percent of his income since the previous order. Burge answered, and filed a motion to dismiss the complaint, arguing that it was statutorily barred—having been filed less than two years from the previous modification. In a cursory order, the trial court granted Burge's motion. Now, on appeal, Dial contends the trial court erred in granting the motion to dismiss and in

treating the motion as one for summary judgment without prior notice. For the following reasons, we reverse the trial court's ruling dismissing the complaint.

We review the trial court's grant of a motion to dismiss *de novo*.[1] Importantly, a motion to dismiss for failure to state a claim upon which relief can be granted may not be sustained unless

> (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.[2]

Put more bluntly, in deciding a motion to dismiss, the trial court "must accept as true all well-pleaded material allegations in the complaint and must resolve any doubts in

---

[1] *See Dennis v. City of Atlanta*, 324 Ga. App. 659, 659 (751 SE2d 469) (2013) (punctuation omitted); *accord Norman v. Xytex Corp.*, 310 Ga. 127, 130 (2) (848 SE2d 835) (2020).

[2] *Dennis*, 324 Ga. App. at 659 (punctuation omitted); *accord Stendahl v. Cobb Cnty.*, 284 Ga. 525, 525 (1) (668 SE2d 723) (2008); *see* OCGA § 9-11-12 (b) (6) (providing that the defense to a claim for relief of "[f]ailure to state a claim upon which relief can be granted" may "be made by motion in writing").

favor of the plaintiff."[3] But a trial court also "may consider exhibits attached to and incorporated into the pleadings when ruling upon a motion to dismiss."[4] And it is only when the trial court elects to consider matters outside of the pleadings that the motion will be treated as one for summary judgment.[5]

So viewed, Dial and Burge had two children during their marriage, and they divorced on January 4, 2011, obtaining a "Final Judgment and Decree of Divorce" on that date. That initial final judgment was modified in an order dated January 14, 2021, which included, *inter alia*, detailed child-support obligations and directed Dial to pay Burge for some of the children's previously unpaid expenses. Two years later, Dial sought another modification of his child-support obligation, and on April 26, 2023, the trial court issued a final order modifying his support obligation to $600.00 per month.

---

[3] *Premier Eye Care Assocs., P.C. v. Mag Mut. Ins. Co.*, 355 Ga. App. 620, 623 (844 SE2d 282) (2020) (punctuation omitted); *see Stendahl*, 284 Ga. at 525 (1) (holding that in ruling on a motion to dismiss, all pleadings are to be "construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor"); *Dennis*, 324 Ga. App. at 659 (same).

[4] *Dennis*, 324 Ga. App. at 664 (2).

[5] *See Premier Eye Care Assocs., P.C.*, 355 Ga. App. at 623.

Nearly two months later, on July 19, 2023, Dial again filed a complaint for modification of child support. Specifically, Dial alleged that since the April 26, 2023 order, he suffered an involuntary loss of more than 25 percent of his annual income; and consequently, he sought an additional downward modification of his child-support obligation. In doing so, Dial attached the previous modification orders to his complaint as exhibits. And later, Burge filed an answer and a motion to dismiss, arguing that OCGA § 19-6-15 (k) (2) prohibits parties from seeking a modification of child support within two years from the date of a previous modification order. Burge also attached the April 26, 2023 order as an exhibit to her answer and motion.

Dial responded to Burge's motion, and on November 7, 2023, the trial court held a hearing on the matter; but the hearing, apparently, was not transcribed. And less than two weeks later, the court issued a half-page order that summarily noted that "having heard the evidence" and "considered the Defendant's Motion to Dismiss[,] it is therefore Ordered that Defendant's Motion to Dismiss is hereby Granted." Dial then filed an application for a discretionary appeal, which we granted. This appeal follows.

1. Dial contends the trial court erred in granting Burge's motion to dismiss, arguing his complaint for modification of child support alleged circumstances falling within an exception to OCGA § 19-6-15 (k) (2). We agree, and thus reverse the trial court's ruling.

Burge is correct that—as argued in her motion to dismiss Dial's complaint—"[o]n its face, OCGA § 19-6-15 (k) (2) prohibits the filing of a petition for modification of child support within two years from the date of a final order on a previous petition to modify filed by the same parent, with certain narrow exceptions."[6] And indeed, the Supreme Court of Georgia has explained that "[t]he purpose of the prohibition is to protect the parties from excessive litigation over the same issues."[7] Specifically, OCGA § 19-6-15 (k) (2) provides:

> No petition to modify child support may be filed by either parent within a period of two years from the date of the final order on a previous petition to modify by the same parent except when:

---

[6] *Bagwell v. Bagwell*, 290 Ga. 378, 379 (721 SE2d 847) (2012).

[7] *Id.* at 379-80.

(A) A noncustodial parent has failed to exercise the court ordered parenting time;

(B) A noncustodial parent has exercised a greater amount of parenting time than was provided in the court order; or

(C) The motion to modify is based upon an involuntary loss of income as set forth in subsection (j) of this Code section.

Significantly, OCGA § 19-6-15 (j) (1) provides:

In the event a parent suffers an involuntary termination of employment, has an extended involuntary loss of average weekly hours, is involved in an organized strike, incurs a loss of health, becomes incarcerated, or similar involuntary adversity *resulting in a loss of income of 25 percent or more*, then the portion of child support attributable to lost income shall not accrue from the date of the service of the petition for modification, provided that service is made on the other parent.[8]

Here, in his complaint for modification of his child-support obligation, Dial clearly alleges that he suffered an involuntary loss of more than 25 percent of his

---

[8] (Emphasis supplied).

annual income since the trial court issued the April 26, 2023 final order. As a result, his complaint, in no uncertain terms, raises an allegation that qualifies as an exception to the bar against petitioning for a modification within two years of a previous child-support modification order, exactly as contemplated in the plain language of OCGA § 19-6-15 (k) (2)-(3). So, construing the allegations in Dial's complaint for modification as true (as we are required to do),[9] the trial court erred in granting Burge's motion to dismiss.[10] Accordingly, we reverse the trial court's ruling and remand the case for further proceedings consistent with this opinion.

2. Dial also maintains the trial court erred by treating the motion to dismiss his complaint as one for summary judgment without providing him prior notice that it

---

[9] *See supra* note 3 and accompanying text.

[10] *Cf. McAlpine v Leveille*, 258 Ga. 422, 422-23 (1) (369 SE2d 907) (1988) (holding two-year proscription on petitions to modify child support did not prevent wife from petitioning for increased support within two years of divorce decree pursuant to text of OCGA § 19-6-19, but only from petitioning for such an increase within two years of a previous petition); *Thorp v. Thorp*, 258 Ga. 220, 220 (367 SE2d 232) (1988) (explaining OCGA § 19-6-19 (a) could not be interpreted as precluding a petition for modification of child support filed within two years of the final judgment in the parties' divorce action, "because the judgment of divorce that it seeks to modify is not a 'final order on a previous petition' for modification" (punctuation omitted)).

intended to do so. But having concluded the trial court erred in granting the motion to dismiss, we need not address this contention.[11]

*Judgment reversed and case remanded for further proceedings. Brown and Padgett, JJ., concur.*

---

[11] *See Travelers Cas. Ins. Co. of Am. v. Bozovich*, 367 Ga. App. 868, 874 (2) (888 SE2d 656) (2023) (explaining that because we concluded the trial court erred in granting a motion to dismiss and reversed the order, we did not need to address appellant's argument that the trial court erred by considering evidence outside the complaint).